In re estate of LUTHER KOUNTZE, deceased.

[Decided November 23d, 1920.]

1. Under the Transfer Inheritance Tax act of this state (*P. L. 1909 p. 325*, as amended, *P. L. 1914 p. 267*) the tax imposed upon the specific devise, or bequest, by the will of a non-resident decedent, of certain kinds of property located within this state, is to be computed under the provisions of section 1 of that act, and not under section 12.

2. Under the said statute, where a non-resident decedent, by his will, transfers property located in this state, part by specific devise or bequest and part otherwise, the tax under the provisions of the "ratio clause" of section 12 can be computed only upon that portion of the New Jersey property not specifically devised or bequeathed.

3. Under the said statute, where a non-resident decedent, by his will, transfers property located in this state, part by specific devise, or bequest, and part otherwise, (*a*) the ratio between the value of decedent's entire estate, wherever situate, and the value of the New Jersey property not specifically devised or bequeathed, is fixed as the ratio which shall exist between the entire tax to which the decedent's entire estate would have been subject if he were a resident of New Jersey and the tax which shall in fact be assessed on the transfer of the New Jersey property not specifically devised or bequeathed; (*b*) in determining the value of decedent's "entire estate" for such purpose, the value of the New Jersey property not specifically devised or bequeathed is not to be deducted or excluded, either in arriving at the "entire estate" member of the proportion or in arriving at the "entire tax" member of the proportion.

On appeal from assessment of transfer inheritance tax.

*Mr. John M. Mills,* for the appellants.

*Mr. William Newcorn,* assistant attorney-general, for the state.

BUCHANAN, VICE-ORDINARY.

The comptroller of the treasury assessed transfer inheritance taxes aggregating $8,306.33, in respect of the transfers under and by the provisions of the will of Luther Kountze, deceased. The appeal which has been taken therefrom is based upon three grounds.

The first ground is that the tax upon the residuary estate was computed without first deducting from said residuary estate the amount of the estate tax ($694,949.70), to which the estate was subject under the provisions of the act of congress in that behalf. That this was erroneous is established by the decision in *Re Roebling's Estate,* and is conceded by the state.

The second ground is an indefinite, general allegation that the provisions of the Transfer Inheritance Tax act, "in so far as they relate to the property of non-resident decedents, are in

*93 N. J. Eq.*        In re Kountze.

violation of the constitution of the State of New Jersey and of the constitution of the United States," and that, hence, the tax imposed thereunder is void. Whatever appellants may have had in mind in this behalf need not be considered, inasmuch as no mention was made thereof in the oral argument, or on the brief, and the point will be deemed abandoned.

The third contention is that the comptroller erred in regard to the taxes in respect of New Jersey property specifically devised and bequeathed, in that he did not assess such as simple taxes upon the value of that property alone, but assessed them at a certain proportion of the tax to which the estate would have been subject had decedent been a resident of New Jersey and all his property situate in this state.

The statute under the authority of which, it is claimed, the tax in question is assessed is *P. L. 1909 p. 325,* as amended by *P. L. 1914 p. 267.* The provisions of that act which impose taxes on the transfer of property by the will of a non-resident decedent are found in section 1 and section 12 thereof.

Under section 1 the tax is imposed upon the transfer (by will of a non-resident decedent) of certain kinds of property located within this state, at a certain rate per centum upon the value of the property so transferred. That rate, in the case of a wife, son or daughter, is one per cent. on the amount in excess of $5,000 up to $50,000; one and one-half per cent. on the amount between $50,000 and $150,000; two per cent. on the amount between $150,000 and $250,000, and three per cent. on any excess over $250,000.

In the present case, the property whose transfer is taxable under section 1—*i. e.,* the property located in New Jersey—amounts to $310,139.37. Of this the will specifically gives to the widow $90,953.96; to the son $163,135.62; to the daughter $20,-898.29, leaving a balance of $35,151.50 not specifically devised or bequeathed.

Under the provisions of section 1, then, the taxes to which these transfers to widow, son and daughter would be subject, would be as follows:

| Widow | | | Amount of Transfer, $90,953.96 |
| --- | --- | --- | --- |
| $5,000.00 | at | 0% | .......... |
| 45,000.00 | " | 1% | $450.00 |
| 40,953.96 | " | 1½% | 614.31 |
| $90,953.96 | | | $1,064.31 tax |

| Son | | | Amount of Transfer, $163,135.62 |
| --- | --- | --- | --- |
| $5,000.00 | at | 0% | .......... |
| 45,000.00 | " | 1% | $450.00 |
| 100,000.00 | " | 1½% | 1,500.00 |
| 13,135.62 | " | 2% | 262.71 |
| $163,135.62 | | | $2,212.71 tax |

| Daughter | | | Amount of Transfer. $20,898.29 |
| --- | --- | --- | --- |
| $5,000.00 | at | 0% | .......... |
| 15,898.29 | " | 1% | $158.98 |
| $20,898.29 | | | $158.98 tax |

The $35,151.50 of New Jersey property, which is not specifically given by the will, falls into the residue of the estate, and I will defer for the time being the consideration of the tax imposed upon its transfer.

The only other portion of the statute containing provisions for the imposition of a tax upon the transfer of property under the will of a non-resident decedent is the so-called "ratio-tax" clause, being the last clause of section 12, which reads as follows:

"A tax shall be assessed on the transfer of property made subject to tax as aforesaid in this state of a non-resident decedent, if all or any part of the estate of such decedent, wherever situated, shall pass to persons or corporations taxable under this act, which tax shall bear the same ratio to the entire tax which the said estate would have been subject to under this act if such non-resident decedent had been a resident of this state, and all his property, real and personal, had been located within this state, as such taxable property within this state bears to the entire estate, wherever situated; *provided*, that nothing in this clause contained shall apply to any specific bequest or devise of any property in this state."

I think it is sufficiently clear that the proviso at the end means that the clause or paragraph shall not apply to any specific testamentary gift of New Jersey property; that as to any such testamentary gift the tax is not imposed under the provisions of this

paragraph of section 12, but is left to be computed under section 1.

I think it is equally clear that that is precisely what was held by this court in *Lawyers' Title and Trust Co.* v. *Comptroller, 95 Atl. Rep. 1003.*

There is one difference between that which was done in the assessment under review in that case and that which was done in the assessment in the present case. Here, as there, the comptroller took the total aggregate value of all property, both in and out of New Jersey, passing to the beneficiary; deducted the statutory exemption of $5,000 and computed what the tax would be on the balance under the provisions of section 1. In determining what proportion of the sum so ascertained should be levied as the actual tax, he used, in the *Lawyers' Title and Trust Co. Case,* the ratio between the value of decedent's entire estate and the value of the property situate in New Jersey. This is the ratio specified in section 12. In the present case he used the ratio between the value of the aggregate property (wherever situate) passing to the beneficiary and the value of the New Jersey property specifically devised or bequeathed to that beneficiary. I cannot see the slightest justification for this procedure. It is true, there is no express prohibition in the statute against it, but it is elemental that there must be plain statutory authorization, and none such exists.

The tax imposed by the statute upon the transfers by the will under consideration, therefore, is a total aggregate tax of $3,436, under section 1 of the act, upon the new Jersey property specifically bequeathed or devised (as hereinbefore particularized); and a tax upon that portion of the New Jersey property not specifically bequeathed or devised, which is valued at $35,151.50. This latter tax is to be computed under the last clause of section 12.

To determine the amount of the "entire estate" for the purpose of applying this ratio clause, there should be deducted from the amount of the gross estate ($4,876,770.66) the deductions and exemptions of $423,475.16 as allowed by the comptroller, and the amount of federal estate tax of $694,949.70, leaving an "entire estate" of $3,758,345.80. Appellant contends that there should

also be deducted the $274,987.87—the value of the New Jersey property specifically devised and bequeathed—but such contention, to my mind, is not borne out by the language or meaning of the statute.

Neither should this last-mentioned sum be deducted in arriving at the value of the "entire estate" for the purpose of computing the "entire tax which the said estate would have been subject to," &c.

The assessment must be set aside and the tax reduced in accordance with the views herein expressed.