WILLIAM P. DIXON ET AL., EXECUTORS, &c., PLAINTIFFS IN ERROR, v. GEORGE E. RUSSELL ET AL., DEFENDANTS IN ERROR.

Argued March 14, 1910—Decided July 8, 1910.

The words "An act to tax legacies," contained in the title of a statute, do not express that the object of the enactment, so far as it relates to legacies, is the imposition of a tax upon the transfer of property which is the subject of a bequest.

---

On error to the Supreme Court, whose opinion is reported in 49 *Vroom* 296.

For the plaintiffs in error, *Morrison C. Colyer, Ralph E. Lum, Frank H. Sommer, Edward M. Colie* and *Robert H. McCarter.*

For the defendants in error, *Theodore Backes* and *Edmund·Wilson,* attorney-general.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The plaintiffs in error are the executors of Mrs. Martha Collard, deceased, who, at the time of her death, was a resident of the State of Rhode Island.   By her will she bequeathed certain shares of stock of the Standard Oil Company, a New Jersey corporation, to persons and corporations designated in that instrument. The surrogate of the county of Essex, acting in supposed compliance with the provisions of an act entitled "An act to amend an act entitled 'An act to tax intestates' estates, gifts, legacies, devises and collateral inheritance in certain cases,' approved May fifteenth, one thousand eight hundred and ninety-four" (*Pamph. L.* 1906, *p.* 432), assessed a transfer tax upon the property so bequeathed.   The validity of that tax is the question involved in the present litigation.

In the case of *Neilson* v. *Russell,* 47 *Vroom* 655, we were called upon to determine the scope of the original act which is amended by the statute of 1906, so far as it dealt with legacies.   We reached the conclusion that its purpose was to impose legacy duties, and not transfer or succession taxes; that it was not intended to, and did not, reach legacies, the validity and amount of which were required to be determined by the laws of a foreign jurisdiction; and that, therefore, a tax imposed by the surrogate upon a legacy of stock of a New Jersey corporation, bequeathed by the testator, who was a resident of England at the time of his death, was invalid. We further expressed the opinion (perhaps unnecessarily) that even if we had considered the imposition provided by the statute to be a succession tax, and' not a legacy duty, we would have reached the same conclusion, *i. e.,* that it was not intended by the statute that a tax should be imposed upon the singular succession of the legatee of a foreign testator, even though the subject of the legacy was shares of stock of a New Jersey corporation.

From what was said during the arguments of counsel in the present case, it would seem that our opinion in the Neilson case is understood by some of the bar to indicate a doubt upon our part as to the power of the legislature to tax the

succession to property located in this state of a non-resident decedent. Such a supposition is not justified by anything to be found in the opinion. On the contrary, our decision is based upon the *expressed* assumption that the succession to shares of stock in a New Jersey corporation may be taxed by the state legislature. We do not doubt the power of the state to impose a succession tax, where the succession is by reason of death, without regard to the domicile of the decedent from whom the property passes, provided that the property which is the subject of the succession is within the jurisdiction of the state.

The amended act of 1906, under which the tax now before us was assessed—so far as it is pertinent to the present case—provides that "A tax shall be and is hereby imposed upon the transfer of any property, real or personal * * * or of any interest therein or income therefrom, in trust or otherwise, to persons or corporations, in the following cases: *First.* When the transfer is by will or by the intestate laws of this state from any person dying, seized or possessed of the property while a resident of the state. *Second.* When the transfer is by will or intestate law, of property within the state, and the decedent was a non-resident of the state at the time of his death." This provision takes the place of the provision of the earlier act that "All property which shall pass by will, or by the intestate laws of this state, from any person who may die seized or possessed of the same while being a resident of the state, and all property which shall be within this state, and any part of such property, and any interest therein, or income therefrom which shall be transferred by inheritance, distribution, bequest, devise, deed, grant, sale, or gift, made or intended to take effect in possession or enjoyment after the death of the intestate, testator, grantor or bargainor, to any person or persons, or to a body politic or corporate," &c., &c., "shall be subject to a tax of five dollars on every one hundred dollars of the clear market value of such property," &c. Does the language of the amendment disclose a purpose to change the method of taxing legacies of property the *situs* of which is in

this state, and which are bequeathed by non-resident testators? If it does not—if the method is left unchanged—then, of course, the present case is controlled by our decision in Neilson *v.* Russell. It seems plain to us, however, that the legislature intended by the amendment to substitute a tax on the transfer of property which is the subject of a legacy instead of a tax upon the legacy itself. That there is a marked distinction between the two can hardly be doubted. It is fully recognized not only in the English decisions, but also in those of New York, from which state the legislation was borrowed by us. The amendment itself, we think, shows that the legislature appreciated that the distinction existed, for it is not to be supposed that this body went through the form of amending a statute without understanding that by doing so a change in the character of the legislation would be accomplished.

Concluding, then, that the purpose of the legislature in amending the act of 1894 was to change the imposition provided by it from a legacy duty to a tax on the transfer of property which is the subject of a bequest, and that the latter widely differs in character from the former, the question remains, has the legislature executed that purpose in a manner permitted by constitutional restrictions? The title of the act of 1894 (as far as it applies to the present subject-matter) is "An act to tax * * *, legacies * * *." The object expressed by this language is the imposition of legacy duties, not the imposition of taxes upon the transfer of property which is the subject of a bequest. The title of the amendment leaves the object expressed' in the title of the original act unchanged, and contains no intimation that the purpose of the statute, as amended, is to impose taxes upon the transfer of property which has been bequeathed by a testator. Our constitution (article IV, section 7, paragraph 4) requires that the object of every law shall be expressed in the title thereof. That mandate the legislature plainly disregarded in passing the amendment of 1906, so far as that statute relates to the imposition of taxes upon legacies. Their failure to observe it renders the statute invalid so far

as it is applicable to cases like that now under consideration. For this reason we conclude that the judgment of the Supreme Court sustaining the tax in question must be reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, BOGERT, VREDENBURGH, VROOM, GRAY, CONGDON, JJ.    13.