OF

## THE STATE OF NEW JERSEY.

## 1915.

EDWIN ROBERT WALKER, ORDINARY.

JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON,
EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M.
LEWIS, JOHN H. BACKES AND JOHN GRIFFIN,
VICE-ORDINARIES.

LAWYERS TITLE AND TRUST COMPANY, executor, appellant,

*v.*

THE COMPTROLLER OF THE TREASURY OF THE STATE OF
NEW JERSEY, respondent.

[Submitted November 3d, 1915.  Decided November 8th, 1915.]

1. Property in this state specifically devised or bequeathed by a non-resident decedent cannot be included in the appraisal in assessing the ratio tax imposed by the Transfer of Property Tax act of 1909, as amended in 1914, on the estates of non-resident decedents, such property being excluded by the last paragraph of section 12 of the act.

31 (481)

2. A successful appellant from an assessment on the transfer of property is not entitled to costs.

*Mr. Frank L. Holt,* for the appellant.

*Mr. Herbert W. Boggs,* assistant attorney-general, for the respondent.

BACKES, VICE-ORDINARY.

This is an appeal from an assessment by the comptroller of the treasury, levied on property in this state, of a non-resident decedent under the Transfer of Property Tax act of 1909 (*P. L. 1909 p. 325*), as amended in 1914 (*P. L. 1914 p. 267*). By the second subdivision of section 1 of the act, as amended, a tax is imposed upon the transfer of property

"When the transfer is by will or intestate law, of real property within this state, or of goods, wares and merchandise within this state, or of shares of stock of corporations of this state, or of national banking associations located in this state, and the decedent was a non-resident of the state at the time of his death."

By the fourth subdivision, property thus transferred to a sister, to the amount of $5,000, is exempt from taxation, and all in excess of that amount, up to $50,000, is subject to a tax at the rate of two per cent. The last clause of section 12 enacts that—

"A tax shall be assessed on the transfer of property made subject to tax as aforesaid, in this state of a non-resident decedent if all or any part of the estate of such decedent, wherever situated, shall pass to persons or corporations taxable under this act, which tax shall bear the same ratio to the entire tax which the said estate would have been subject to under this act if such non-resident decedent had been a resident of this state, and all his property, real and personal, had been located within this state, as such taxable property within this state bears to the entire estate, wherever situated; *provided, that nothing in this clause contained shall apply to any specific bequest or devise of any property in this state.*"

The decedent, Emma B. Winter, was a resident of the State of New York at the time of her death in February, 1915. The only property in the State of New Jersey which she owned was a

house and lot and an unimproved parcel of land in the borough of Lavallette, in Ocean county, and the furniture contained in the house which, by the twelfth clause of her will, she specifically devised to her sister Clara H. Crosier. This property was appraised at $4,027. The total value of the estate which passed to this sister under the will, including the New Jersey property, was fixed by the comptroller at $11,115.06. From this aggregate amount he deducted $5,000, representing the statutory exemption allowed to a sister, leaving a balance of $6,115.06, upon which a tax at the rate of two per cent. amounts to $122.30. He then determined the proportion, which the value of the New Jersey property bore to the value of the entire estate, to be three hundred and sixty-two thousandths, and this proportion of the above-mentioned sum of $122.30, amounting to $44.27, he found to be the tax and levied it accordingly. From this assessment the appeal is taken.

The comptroller followed the usual practice which obtains in assessing property within this state of non-resident decedents, subject to tax, as outlined by the last paragraph of section 12, but he failed to observe or heed the proviso thereto, which clearly and distinctly says that specific bequests or devises of any property in this state shall not be included in the computation; the practical effect of which is to exempt from taxation, to the amount limited by the statute, all property thus transferred.

That portion of the statute above quoted, under which the comptroller presumed to make the assessment, simply declared and defined the prevailing rule of law and was enacted to emphasize that rule to those who, by manipulation of the assets of estates, might venture to avoid the payment of taxes by applying the property in this state not specifically devised or bequeathed, to the payment of exempt legacies, and the property without the state to the non-exempt, as was attempted in the case of *Tilford* v. *Dickinson, 79 N. J. Law 302.* In elucidating the rule, Mr. Justice Reed, in that case, said: "The theory upon which it rests is that each distributee has an undivided interest in all the assets of an estate, and that no particular portion of such assets passes to any particular distributee. Therefore, when it is ascertained what portion of the whole estate goes to all of the

collateral distributees as a class, it will be presumed that such proportion of the New Jersey property goes to such class of collaterals as the property in New Jersey bears to the property in New York—it being assumed that equal proportions of the property in both states will be devoted to the payment of collateral distributees." Although the learned justice was addressing his remarks to intestate's estates, they are, it seems to me, pertinent to instances of testacy. See, also, *Neilson* v. *Russell, 76 N. J. Law 655.* ·

It is, consequently, obvious that, inasmuch as property in this state specifically devised or bequeathed, could not be utilized in the general distribution of a foreign estate, the legislature, in conformity with its scheme and in entire harmony with its theory, advisedly excluded from computation property transferred in this manner. Property thus transferred, unless to those in the exempt class, is liable at the maximum rate of five per centum. This was the legislative design when the act of 1909 was formulated, in which those in the exempt class were wholly relieved from taxation. Its operation was modified by the amendment of 1914, limiting the exemption to $5,000, to kindred of the deceased, wherein the provision of the original act relating to the ratio tax was substantially re-enacted.

However, whatever the legislative motive may have been, the mandate of the proviso is unmistakable and, in the absence of all ambiguity, it is the court's duty to enforce the statutes as they are written.

The appellant claims costs on this appeal, and in support refers to section 17 of the act by which $10,000 was appropriated, and to the act of 1914, chapter 273, and that of 1915, chapter 405, by each of which $90,000 was appropriated to the department of the comptroller for the purpose of carrying out the provisions of the Collateral Inheritance laws. Fees and costs of litigation are creatures of statute (*Lehigh Valley Railroad Co.* v. *McFarland, 44 N. J. Law 674*), and as there is no enabling act, they cannot be allowed.

The assessment will be set aside.