In the matter of appeal of UNITED STATES FIDELITY AND GUAR-
ANTY COMPANY from affirmance in the prerogative court of
decree in Essex county orphans court relating to estate of
Mabel Vanderbilt, a minor.

[Submitted December 9th, 1918.    Decided March 3d, 1919.]

1. A decree of the orphans court, passing the account of the admin-
istrator of a guardian, pursuant to section 118 of the Orphans Court
act, so far as relates to acts of such administrator, and reserving leave
to beneficiary to take such action against the estate of the guardian as
she may be advised, is no final adjudication of the account of the guar-
dian as to his own acts as such, and does not bar the subsequent grant-
ing of leave to file exceptions directed to such acts.

2. A legacy of "one-half of the balance of the moneys, bonds and in-
vestments that I may die possessed of" held a general legacy.

On appeal from a decree in the prerogative court advised by
Vice-Ordinary Lewis, reported in *89 N. J. Eq. 497.*

*Messrs. McDermott & Enright,* for the appellant.

*Mr. Gilbert Collins,* for the respondent Mabel Vanderbilt.

The opinion of the court was delivered by .

PARKER, J.

The decree in the prerogative court simply affirmed a decree
in the orphans court of Essex county, and we turn to that for an
ascertainment of the judicial action whereby appellants claim
to have been aggrieved; which was, in short, that that court
allowed a former decree which, as appellants claim, settled
finally the accounts of Miss Vanderbilt's father as guardian of
her estate, to be opened to the end that she be permitted to file
exceptions to that account. The particular exceptions proposed
are based on the alleged negligence of her father in holding cer-
tain securities on a falling market, as in *Beam v. Paterson Safe
Deposit Co., 81 N. J. Eq. 195; S. C., 82 N. J. Eq. 518; 83 N.*

*J. Eq. 628;* and it is claimed that the decree on accounting made October 22d, 1915, adjudicated the propriety of his action, and was acted on so that the later decree, made June 30th, 1916, and purporting to open it for exceptions, inequitably prejudiced a party who had acted in good faith in reliance on it.

Some examination of the facts is necessary. The property in question was bequeathed to Miss Vanderbilt by the will of her mother. Her father was appointed by the court guardian of her estate in 1908 and received as guardian from himself as his wife's executor the securities in specie. The appealing guaranty company was his surety. He died December 31st, 1914, still in possession of these securities, and without having filed any account of his guardianship, so far as appears. He seems to have left no will. One William S. Woodhull was appointed his administrator, and pursuant to section 118 of the Orphans Court act (*Comp. Stat. p. 3854*) filed an account of this trust. We may assume for present purposes, without deciding, that this adequately claimed allowance for transfer of the securities to a new guardian at the same price as that at which they were taken. The question, then, is whether the court sustained that claim and discharged the trust, and especially the estate of the father as guardian, from all liability by reason of shrinkage; and if so, whether this was final. That the court had jurisdiction to do this is quite evident. Section 118 provides that where a * * * guardian * * * shall die without having fully settled up and obtained an allowance of his account of the administration of the estate that has come into his hands, it shall be lawful for the * * * administrator of such deceased * * * guardian * * * to exhibit to the surrogate * * * in order to have the same duly settled or allowed, an account * * * of the estate," &c., and the orphans court is authorized and required to take cognizance of the said accounts and to proceed and act therein as is required in regard to accounts in other cases. And by section 127 of the same act, the decree of the orphans court on the final settlement and allowance of the accounts of guardians, &c., shall be conclusive, and discharge such accountants of all claims beyond the balance found, except in cases where fraud or mistake is proved.

We assume, as has been said, that the account was filed and intended as a final account pursuant to this legislation and claimed exoneration for the value of the stocks as charged on the other side.  But an examination of what is claimed to be the "final" decree on this account discloses a different state of affairs. The account alleged, and the decree recites, that the stock certificates are in the possession of the surety, appellant.  It then decrees that the account "is in all things allowed as stated, in so far as the said account relates to the acts of said William S. Woodhull, as administrator of DeWitt C. Vanderbilt, in his relation as guardian for Mabel Vanderbilt;" charges the estate of DeWitt C. Vanderbilt $632.84 reported short by the administrator; repeats the declaration that the stock and some savings bank books not now in question are in the hands of the surety; directs that they be turned over to Fidelity Trust Company as substituted guardian of Mabel; and then adds this significant clause:  "And it is further ordered that the Fidelity Trust Company, substituted guardian of said Mabel Vanderbilt, and the said Mabel Vanderbilt have leave to take such proceedings against the estate of said DeWitt C. Vanderbilt, or against the United States Fidelity and Guaranty Company, bondsman of the said DeWitt C. Vanderbilt as aforesaid, as it or she may be advised."

This was on October 22d, 1915.  Mabel had then been of age about two months.  Her petition for leave to except to the account on the grounds aforesaid is dated May 25th, 1916.  The court granted that leave; and its order to that effect is the matter of appeal.

We have difficulty in seeing why any such order was needed at all.  If the administrator in fact asked a final discharge not only of himself but of the estate he represented, he did not obtain it.  The allowance of his account was expressly limited to his own acts as administrator of DeWitt C. Vanderbilt, and did not extend to acts of the latter, as to which the record shows no adjudication whatever.  As to these, therefore, it is still entirely open.  Normally, of course, exceptions should be filed not later than the date advertised or cited for settlement; but we have no doubt of the discretionary power of the court to permit be-

*90 N. J. Eq.*         In re U. S. Fid. & Guar. Co.

lated exceptions before the account is actually passed. If so, it was clearly within its power in permitting the exceptions in this case, and the very language of the original decree put appellant upon notice that it did not adjudicate on anything but the acts of Woodhull himself and what should be done with the property in hand.

If any confirmation of this view were needed, it is supplied by the further clause of the decree quoted above, expressly reserving the right of Mabel or her new guardian to take appropriate proceedings against the estate of her father, or against his surety. This must have some meaning; and what meaning is more likely or obvious than that indicated by the restriction of the discharge to the acts of Woodhull; in short, that the court was satisfied with his conduct, but did not think it proper to conclude the ward as to the acts of the guardian by deciding that his handling of the securities was a matter for judicial approval and discharge.

We conclude, then, that the decree in question was no adjudication on the conduct of DeWitt C. Vanderbilt as guardian; and that it expressly reserved the right of the ward to attack the propriety of such conduct. Consequently, there could be no estoppel, except, perhaps, by laches, which does not appear in the case.

We see nothing in the claim that these stocks were bequeathed in specie by the mother's will. The bequest was of "one-half of the balance of moneys, bonds and investment that I may die possessed of." There is a similar bequest, to a son, of the other half. A bequest of all testator's property of a certain kind is general. *18 Encycl. L. (2d ed.) 712*, and cases cited. The rule is the same as to a certain proportion of such property, as half to one and half to another. *Ib.* Even if there be a bequest of a specified number of shares of a particular stock, this is held general unless other language of the will shows an intent to make it specific. *Blair* v. *Scribner, 67 N. J. Eq. 583.* And this intent should clearly appear. *Mecum* v. *Stoughton, 81 N. J. Eq. 319.*

The decree of the prerogative court affirming that of the orphans court is in turn affirmed.

17

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—12.

*For reversal*—BERGEN—1.