CHARLES R. HASLAM, *Ex. & Tr. vs.* PEDRO W. DE ALVAREZ *et al.*

JUNE 26, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This cause was begun by a bill in equity filed in the superior court by the executor of, and trustee under, the will of Marie Constance de Alvarez, who at the time of her death was a resident of the city of Warwick in this state, for the construction of, and instructions relative to, clauses second to fifth, inclusive, of that will. All of the beneficiaries under the will who are financially interested in the questions involved were made parties respondent.

Answers were filed by the adult respondents and by the guardian *ad litem* of Annmary Church, a minor respondent. No issues of fact were raised, but only questions of law as to whether the gifts made by these clauses respectively were general or specific. Testimony by the complainant only was introduced. The cause, being then ready for hearing for final decree, was certified by the superior court to this court for determination in accordance with general laws 1938, chapter 545, §7.

At her decease on September 12, 1940, the textatrix owned personal property which, according to the inventory filed in the probate court, had a total value of $31,771.91; and she also owned an undivided half interest, valued at $5000, in certain real estate on which she resided and which is situated in that part of the city of Warwick commonly known as Cowesett.

Her personal property then consisted of the following items: cash assets in the amount of $1407.66; 178 shares of the capital stock of the American Telephone & Telegraph Company, of the value of $29,192 at the time of her death; certain articles of household furniture then valued at $112; an undivided half interest, which was valued at $652, in certain other articles of household furniture, and which she had received as a bequest by her mother; and an undivided half interest, which was valued at $408.25, in certain jewelry and silverware, and which she had likewise re-

ceived from her mother. The total assets of personal property, tangible and intangible, belonging to the testatrix at the time of her death, therefore, amounted to $31,771.91.

The expenses of her last sickness, her other debts at the time of her death, the expenses of her funeral, the Rhode Island estate tax, the expenses of administration, outside of the fee of the executor and fees for legal services which together were estimated at $1500, came to a total of $3301.80.

All of the real estate belonging to the testatrix and all of her personal assets, outside of the cash items, were covered by the devise and bequests in clauses second to fifth, inclusive, of the will; and the cash items were very far from being sufficient to cover the liabilities of the estate and necessary expenses. Hence nothing could pass by the residuary clause of the will, which was the only other disposing clause; and it is necessary for us to determine how the deficit should be paid out of the assets which the executrix tried to dispose of in clauses second to fifth, inclusive.

It therefore is necessary to determine which of the gifts in the will are general and which are specific. This is so because it is a settled rule of law that if, on account of the total amount of the liabilities and expenses of administration of a testate decedent's estate exceeding the amount of its assets covered only by the residuary clause of the will, there must be an abatement of at least some of the gifts made outside of the residuary clause, such abatement must be applied to all *general* gifts before it is applied to any *specific* gifts.

In *Dean* v. *Rounds*, 18 R. I. 436, the third clause of a certain will was involved. This clause was as follows: "All moneys or legacies coming to me from any source, I give and equeath to my brother and sister, including my stepson, Walter B. Rounds, to be divided equally, to share and share alike." As to this the court said: "And the first question raised is whether or not said clause creates a specific

legacy. We do not think it does. A specific legacy, as the term imports, is a gift or bequest of some definite specific thing, something which is capable of being designated and identified."

After citing authorities in support of this statement, the court, at page 437, said: "Had the bequest been of 'all moneys or legacies coming to me from my father;' of 'all legacies coming to me under the Dean will,' of 'all the furniture belonging to me, in my house at A.' . . . it would doubtless have been a specific legacy. . . . And the rule is that a legacy should not be construed as specific, unless clearly so intended."

In *Martin, Petitioner*, 25 R. I. 1, at page 13, this court pointed out that under the will then before it "the debts of the testatrix are not expressly made chargeable upon any particular part of her estate." That is the situation in the instant case. A little farther down on the same page the court said: "The general rule is that the general or residuary personal estate constitutes the natural and primary fund for the payment of the testatrix's debts." After citing an authority, the court continues thus: "The next class of property liable for the testatrix's debts in the case at bar comprises general legacies and general devises, both standing on a footing of equal liability and contributing ratably *inter se.*"

The next paragraph of the opinion, omitting the citation of authorities at the end, is as follows: "Last in order of liability of property owned by the testatrix for the payment of debts are chattels specifically bequeathed and real estate specifically devised, without being subjected to a testamentary charge of debts. Devisees of specific real estate and legatees of specific chattels are generally considered as being in equal degree the object of their testator's bounty, and conversely the property given them is all equally liable for the testator's debts; consequently when it becomes necessary to resort to assets thus given, the general rule is that the specific legacies and devises must contribute *pro*

*rata,* the measure of liability being the value of the respective properties at the testator's death."

Near the bottom of page 14 the court says: "'To apply the above rule it is necessary to define the character of the several gifts under the will so as to determine to what class they respectively belong. All legacies other than that of the residuum are either *general* or *specific*. A general legacy is one which does not necessitate delivering any particular thing or paying money out of any particular portion of the estate. Sch. Ex. & Ad. 2nd ed. §461. 'A specific legacy,' said this court in *Dean* v. *Rounds,* 18 R. I. 436, 'as the term imports, is a gift or bequest of some definite specific thing, something which is capable of being designated and identified.'"

Since, as above stated, there must be a considerable abatement as to at least some of the gifts made in the clauses of the will now before us which are prior to the residuary clause, it is necessary for us to determine the nature of each of the gifts made in the disposing clauses of this will prior to the residuary clause, as to whether such gift is general or specific. Such disposing clauses of this will are as follows:

"Second: I give and bequeath to my daughter, Constance F. Saacke, all my jewelry and personal effects, and if she shall not survive me, then to my granddaughter, Annmary Church.

Third: I give and bequeath to my said granddaughter, Annmary Church, all household furniture and effects owned by me entirely and in which I have a half interest under the will of my mother, Annie H. Taylor, deceased, late of said City of Warwick.

Fourth: I give and bequeath to Charles R. Haslam In Trust, however, all the shares of American Telephone & Telegraph Company which were bequeathed to me by the will of my mother, Annie H. Taylor, upon the trusts to hold said shares of stock, but with power, however, to sell said shares of stock and invest the proceeds thereof, if in his discretion he shall decide so to do, and to collect and receive the dividends and profits

accruing therefrom, and after the payment thereof of the expenses of managing said trust estate, including a reasonable compensation for his services as trustee, to pay over the net income thereof as often as once in six months to my husband, Pedro de Alvarez, for and during his natural life, and upon the death of the said Pedro de Alvarez to apply the net income of said trust for the support, maintenance, education and comfort of my said grandchild, Annmary Church, until she shall attain the age of twenty-one years, at which time said trust shall terminate and the principal and accumulated income, if any, of said trust estate shall be paid over, discharged of said trust, to the said Annmary Church. But if the said Annmary Church shall die before me or shall die during the term of said trust, my said husband having previously deceased, then said trust shall terminate and the principal of said trust estate, together with any accumulated income, if any, shall be paid over discharged of said trust to my said daughter, Constance F. Saacke, and if she shall not be then living, then to my nephew, Roberts v. S. Reed now of Weehawken, New Jersey.

Fifth: I give and devise all real estate owned by me or in which I may have an interest to my said daughter, Constance F. Saacke, in fee simple, and if she shall not survive me, then to her daughter, Annmary Church, in fee simple, and if they shall both die before me then to my said nephew, Roberts v. S. Reed, in fee simple."

It may be well to call attention to the fact that none of the beneficiaries named in any of these clauses has died since the execution of the will.

In applying to clause second in the will before us the rules above stated, we are of the opinion that we should bear in mind the fact that at the time of the execution of the will, which was June 24, 1940, as well as at the time when it took effect, the testatrix had a half interest in certain jewelry, which interest had come to her under the will of her mother, who had died about six months before the execution of the will now before us, and which interest was appraised in this estate at $319. The other half interest in this jewelry had been bequeathed under the mother's will

to Constance F. Saacke, the beneficiary under clause second of the will now before us.

We are of the opinion that by reason of these facts the testatrix, in clause second of the will now before us, must have intended to bequeath to her daughter the very same half interest in certain jewelry as she herself had received under her own mother's will and that therefore the bequest of such interest should be treated as specific and not as general. It does not appear that any other jewelry or any interest therein was covered by clause second of the will now before us. In that clause the testatrix also bequeathed to her daughter all her personal effects, which would seem to cover clothing and other articles to be used upon her person, but it does not appear that there were any such articles which were of value, so as to be inventoried.

Because of the above facts as to clause second, we are of the opinion that the legacy thereunder should clearly be construed as specific and not as general.

As to clause third, the first part of it covered all household furniture and effects owned by the testatrix "entirely". In the inventory of the estate such articles were appraised at a total value of $112. This description is not so definite and precise as that in clause second; but in our judgment it is definite and precise enough to justify us in finding, as we do, that this bequest should be held to be specific, rather than general.

As to the household furniture and effects in which the testatrix at the time when the will was made had an undivided half interest under the will of her mother and in which, as the evidence shows, the other half interest had been bequeathed to this granddaughter by that will, the situation is much more clear and precise. As to that half interest bequeathed by this clause and which was appraised at the value of $652, we are of the opinion that the bequest was clearly specific.

As to clause fourth the shares of stock which were bequeathed thereby were owned by the testatrix at the time

of the execution of her will and were clearly identified as having been bequeathed to her by her mother. Therefore it is clear that the bequest of them was specific.

As to clause fifth the matter is not so clear. But the evidence showed that the only real estate which she owned at the time of her death was an undivided half interest in certain real estate at Cowesett, which half interest she had received under her mother's will before the will now before us was executed; and the evidence also showed that the other half interest was at that time in her daughter Constance F. Saacke by devise in the former will. These facts strongly point to the conclusion that in executing the present will the testatrix had in mind her own half interest in this particular real estate, on which she resided; and this conclusion is also supported by the language of the next clause of her will, which reads as follows: "Sixth: If my husband, Pedro de Alvarez, shall survive me and shall express a desire to have a part of my land at Cowesset—, not to exceed one acre in area, I request my said daughter (but without placing her under any legal obligation so to do) to convey to my said husband such parcel of land."

That it was this particular real estate and this only which the testatrix had in mind, in using the language in clause fifth, is also strongly indicated by the fact that in clause seventh, the residuary clause in her will, she devised to her daughter Constance F. Saacke all the rest, residue and remainder of her property "real, personal and mixed."

Our final conclusion then is that all of the gifts contained in clauses second to fifth, inclusive, of this will are specific.

On July 3, 1944, the parties may present to this court for approval a form of decree, in accordance with this opinion, to be entered in the superior court.

*Charles R. Haslam,* for complainant.

*Greenough, Lyman & Cross, Harry Parsons Cross, Owen P. Reid,* for respondent de Alvarez.

*Edward W. Day,* for respondent Constance F. Saacke.

*Oscar L. Heltzen,* Guardian *Ad Litem* of Annmary Church, minor respondent.