WHYY, INC., PETITIONER-APPELLANT, v. BOROUGH OF GLASSBORO, RESPONDENT-RESPONDENT, AND DIVISION OF TAX APPEALS OF THE DEPARTMENT OF THE TREASURY OF THE STATE OF NEW JERSEY, RESPONDENT.

Argued May 24, 1967—Decided July 5, 1967.

8

*Mr. Grover C. Richman, Jr.* argued the cause for petitioner-appellant (*Mr. Frank J. Ferry* and *Messrs. Richman, Berry & Ferren,* attorneys).

*Mr. John W. Trimble* argued the cause for respondent-respondent.

*Mr. Elias Abelson,* Deputy Attorney General, filed a statement in lieu of a brief for respondent, Division of Tax Appeals (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

SCHETTINO, J. This is an appeal involving property tax assessments for the year 1964.

WHYY, Inc., a nonprofit Pennsylvania corporation authorized to do business in New Jersey, provides recreational and educational radio and television broadcasts in the Delaware Valley area. Its registered office in New Jersey is at 709 Market Street, Camden. The corporation's license precludes all commercial advertising. Consequently, WHYY is dependent upon contributions for its financing. Among its donors are the Board of Education of Philadelphia, the City of Philadelphia, the Tri-State Instruction Council, and others.

The facilities of the corporation in New Jersey, located in the Borough of Glassboro, consist of 50 acres of land, on which are erected a transmittal station and a tower.

WHYY did not apply for a tax exemption pursuant to the procedures set forth in *N. J. S. A.* 54:4-4.4.[1] The radio sta-

---

[1] "Every municipal tax assessor shall, on or before October 1, 1951, obtain from each owner of real property in his taxing district, for which a tax exemption is claimed, an initial statement under oath in such form as shall be prescribed by the Director, Division of Taxation, showing the right to the exemption claimed. Thereafter, and on or before November 1 of each year, said assessor shall obtain an initial statement, if one has not theretofore been filed."

tion did, however, request the Glassboro Council on November 12, 1963 for an exemption from taxes as an educational nonprofit corporation. Prior to this request, by letter dated November 7, 1963 to the Glassboro Council, WHYY forwarded a copy of the corporation's Annual Report and the corporation's charter to demonstrate its nonprofit and educational character.

The claim for exemption was denied. WHYY petitioned the Gloucester County Board of Taxation, claiming an exempt status. Again, the claim was denied. WHYY then petitioned the State Division of Tax Appeals, and the claim was there denied. An appeal was taken to the Appellate Division, which affirmed, 91 *N. J. Super.* 269 (1966), holding that WHYY's property, although owned by a nonprofit corporation, was not exempt from New Jersey tax inasmuch as WHYY was not incorporated or organized under the laws of New Jersey as is required by *N. J. S. A.* 54:4–3.6.[2] WHYY thereafter appealed to this Court.

The fundamental approach of our statutes is that ordinarily all property shall bear its just and equal share of the public burden of taxation. As the existence of government is a necessity, taxes are demanded and received in order for government to function. Statutes granting exemption from taxation represent a departure and consequently they are most strongly construed against those claiming

---

[2] *N. J. S. A.* 54:4–3.6 encompasses the exemption from taxation of property of certain nonprofit organizations. It reads in pertinent part as follows:

"The foregoing exemption shall apply only where the association, corporation or institution claiming the exemption owns the property in question and is incorporated or organized under the laws of this State and authorized to carry out the purpose on account of which the exemption is claimed."

*Chapter* 24 of the *Laws of* 1967, effective April 18, 1967, supplements *N. J. S. A.* 54:4–3.6 and bears directly on tax exemptions granted to foreign and domestic nonprofit television stations. This new act is "applicable only to taxes payable in 1968 and thereafter." As the litigation here concerns taxes payable for the year 1964, this supplementary act does not apply.

exemption. The burden of proving a tax-exempt status is upon the claimant. *Town of Bloomfield v. Academy of Med. of N. J.*, 47 N. J. 358, 363 (1966); *Pingry Corp. v. Hillside Tp.*, 46 N. J. 457, 461 (1966); *Princeton Univ. Press v. Borough of Princeton*, 35 N. J. 209, 214 (1961).

WHYY argues (1) that if *N. J. S. A.* 54:4–3.6 discriminates against foreign corporations in granting exemptions, it is unconstitutional and is a violation of the equal protection clause of the Fourteenth Amendment; (2) that because it has qualified to transact business in New Jersey by registering with the Secretary of State, it is in effect organized under the laws of New Jersey within the meaning of *N. J. S. A.* 54:4–3.6 and, thus, is entitled to exemption; and (3) that it would be useless for it to go through the meaningless act of incorporating in this State.

The borough moved to dismiss the appeal before us, urging that the constitutional issue was not raised prior to the appeal to us and, as the decision by the Appellate Division was unanimous, WHYY has no right to appeal. *R. R.* 1:7-1(c). Secondly, the borough argues that because WHYY is a foreign corporation which did not organize under the laws of New Jersey within the meaning of *N. J. S. A.* 54:4–3.6, it is not entitled to an exemption. Finally, the borough argues that the failure by WHYY to comply with *N. J. S. A.* 54:4–4.4 precludes the station from claiming a tax exemption.

I

■■ This Court may but need not accept a constitutional question not raised below. *Lettieri v. State Board of Medical Examiners*, 24 N. J. 199, 206 (1957). As this constitutional contention is one of great concern to many municipalities and nonprofit foreign corporations, the public interest in this question demands that it be decided. *Cf. Bd. of Ed., E. Brunswick Tp. v. Tp. Council, E. Brunswick*, 48 N. J. 94, 109 (1966); *State v. Perricone*, 37 N. J. 463, 469,

*certiorari* denied 371 *U. S.* 890, 83 *S. Ct.* 189, 9 *L. Ed. 2d* 124 (1962).

The Legislature is given wide latitude in classifying for the purposes of taxation. That another classification might be superior or equal to the Legislature's classification is not enough to show that a statute is unconstitutional. As long as the statute may be justified on any reasonable theory, the Legislature's determination will be upheld. *General Electric Co. v. City of Passaic*, 28 *N. J.* 499, 506–10 (1958), appeal dismissed 359 *U. S.* 1006, 79 *S. Ct.* 1146, 3 *L. Ed. 2d* 987 (1959).

Moreover, there is a strong presumption that a statute is constitutional, *In re Village of Loch Arbour*, 25 *N. J.* 258, 264–65 (1957), and a legislative act will not be declared void unless its repugnancy to the Constitution is clear beyond a reasonable doubt. *Gangemi v. Berry*, 25 *N. J.* 1, 10 (1957). "To declare a statute unconstitutional is a judicial power to be delicately exercised." *Wilentz v. Hendrickson*, 133 *N. J. Eq.* 447, 487 (*Ch.* 1943), affirmed 135 *N. J. Eq.* 244 (*E. & A.* 1944). It is true that a classification may not be arbitrary, but the burden of proof is on him who asserts an unjust and illegal discrimination. *Wiramal Corporation v. Director of Div. of Taxation*, 36 *N. J.* 201, 210 (1961) ; *Harvey v. Essex County Board of Freeholders*, 30 *N. J.* 381, 388–91 (1959).

As noted above, the Legislature is given considerable latitude in determining classes for purposes of taxation. The Legislature is presumed to have a valid classification in mind. Distinctions will be presumed to rest upon a rational basis if there be any conceivable state of facts which would afford reasonable support for them. *Harvey v. Essex County Board of Freeholders, supra*, 30 *N. J.*, at *pp.* 388–391.

Here, there are possibilities for treating foreign nonprofit corporations differently from domestic nonprofit corporations.

It should be noted that our statute requires not only that the property be used for a specified purpose but also that the owner shall be a nonprofit organization. The corporation laws of sister states may be less exacting than New Jersey with respect to what organizations qualify as nonprofit. If New Jersey were to grant tax exemptions to foreign non-profit corporations because the state of incorporation deemed them to be nonprofit in nature, it may well be that exemptions would thereby be granted to corporations which, if formed here, would not have a tax exempt status. The Legislature could validly decide that the State should not be burdened with the administrative problem of checking the status of foreign corporations under foreign laws and evaluating them with our requirements.

We hold that the statute is not unconstitutional.

## II

WHYY seeks to avoid the requirement of *N. J. S. A.* 54: 4–3.6, that to be entitled to an exemption a nonprofit corporation must be "incorporated or organized under the laws of this State." WHYY argues that although it is not incorporated under the laws of New Jersey, it is "organized" under our laws because it qualified to transact business here by registering with the Secretary of State. It, therefore, should be entitled to an exemption.

We agree with the Appellate Division interpretation of *N. J. S. A.* 54:4–3.6. The word "incorporated" refers back to nonprofit corporations, whereas the word "organized" refers back to nonprofit associations and institutions which may not be "incorporated." Certainly, the word "organized" does not refer to foreign corporations which qualify and register but which are not incorporated in this State. See Appellate Division's opinion, 91 *N. J. Super.* 272.

## III

As WHYY is not entitled to a tax exemption under *N. J. S. A.* 54:4–3.6, it is not necessary for us to determine

whether the failure by WHYY to comply with *N. J. S. A.*
54:4–4.4 (notifying the tax assessor before November 1 of a
claim to an exemption) should preclude the station from
asserting an exempt status.

Affirmed; no costs.

*For affirmance* — Chief Justice WEINTRAUB and Justices
JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-
MAN — 7.

*For reversal* — None.