RIMM, J.T.C.
In this transfer inheritance tax matter, before the court pursuant to N.J.S.A. 54:33-2[1], plaintiff seeks to set aside an assessment made by defendant, Director, Division of Taxation, under N.J.S.A. 54:34-3, imposing a tax on the transfer of New Jersey property of a nonresident decedent.
The matter is before the court on agreed facts, agreed exhibits, briefs and oral argument without the presentation of testimony in open court. B. 8:8-1(b).
The decedent, Raymond P. Lansing, died testate on October 7, 1980, domiciled in Old Lyme, Connecticut. At the time of his death he owned real property in Long Beach Township, Ocean County known as block 0-90, lots 6 and 7, and block 0-91, lot 1 on the township’s tax map. He acquired this property prior to July 25, 1975, the date of his will. The decedent did not own any other property, real or personal, in New Jersey at the time of his death. At the time of his death he also owned two parcels of real estate in Connecticut, one by tenants by the entireties and one in his name alone.
*140 Decedent’s will was admitted to probate in the Probate Court of the Town of Old Lyme, District of Old Lyme, Connecticut. His wife, Marian Elizabeth Lansing, was appointed executrix. As executrix she filed an affidavit pursuant to N.J.S.A. 54:34-2 a and N.J.A.C. 18:26-9.5 for payment of a flat tax on the transfer of decedent’s New Jersey real estate and paid $17,-177.80 based on an appraised value of $360,000 for the New Jersey real estate. The value of the New Jersey real estate is not in dispute. Thereafter defendant assessed a transfer inheritance tax on the New Jersey realty in the total amount of $34,045.02 in accordance with N.J.S.A. 54:34-3, together with interest, allowing a credit for the $17,177.80 previously paid by plaintiff. Two provisions of decedent’s will are relevant to a determination of the amount of tax due. They are:
THIRD: I give and devise any and all interest which I may have in any real property at the time of my death to my wife, MARIAN ELIZABETH LANSING.
SIXTH: All the rest, residue and remainder of the property which I may own at the time of my death, real, personal and mixed, of whatsoever nature and wheresoever situated, including all property which I may -acquire or become entitled to after the execution of this will, or other gifts made by this will which fail for any reason, I bequeath and devise to my wife, MARIAN ELIZABETH LANSING.
The tax calculated by plaintiff was based on a “Class A” transfer at the rates set forth in N.J.S.A. 54:34-2 a. Defendant imposed the tax under N.J.S.A. 54:34-3 which assesses a tax in accordance with N.J.S.A. 54:34-1 b on the transfer to a beneficiary of New Jersey property in the estate of a nonresident decedent in an amount bearing
[t]he same ratio to the entire tax which the said estate would have been subject to under said chapters 33 to 36 if such nonresident decedent had been a resident of this state, and all his property, real and personal, had been located within this state, as such taxable property within this state bears to the entire estate, wherever situated. [N.J.S.A. 54:34-3]
This provision, known as the “ratio clause,” has been restated as follows:
[t]he tax imposed is a certain fraction of the hypothetical tax on the entire estate, which fraction has for its numerator the amount of the New Jersey property, and for its denominator the entire estate. In practice, this fraction is *141 reduced to a decimal before applying it to the hypothetical “entire tax.” [In re Dellinger, 94 N.J.Eq. 409, 410-411, 120 A. 27 (Prerog.Ct.1923)]
The “ratio clause” expressed mathematically is
New Jersey property -t-— + , —-- x tax on entire estate = tax, entire estate ’
that is, the amount of tax to be levied under N.J.S.A. 54:34-3. Id. at 410, 120 A. 27. See also Beck, New Jersey Inheritance and Estate Taxes, § 68 at 113-114 (1974).
Plaintiff claims the ratio method does not apply in the present case because of the last paragraph of N.J.S.A. 54:34-3 which reads: “Nothing in this section shall apply to a specific bequest or devise of property in this state.” Plaintiff argues that paragraph THIRD of the will by which the testator devised his real property is a specific devise of property, and that the inheritance tax should be calculated in accordance with N.J.S.A. 54:34-2 a, relying on Herschberg v. Taxation Div. Director, 2 N.J.Tax 121 (Tax Ct.1981):
The last paragraph of N.J.S.A. 54:34-8 excludes from the ratio clause any New Jersey property of a non-resident decedent specifically bequeathed and devised, and the tax on that category of property is calculated at the same rate used if the decedent had been a New Jersey resident, [at 125]
Defendant claims that paragraph THIRD is a general devise of the testator’s real property and that the ratio tax applies.
The first significant case dealing with the ratio tax is Tilford v. Dickinson, 79 N.J.L. 302, 75 A. 574 (Sup.Ct.1910), rev’d 81 N.J.L. 576, 79 A. 1119 (E. & A. 1911). In that case, the testator, a resident of the State of New York, died on March 9, 1909 possessed of personalty worth $11,626,897.98 of which $7,601,962.50 was composed of shares of certain corporations incorporated under the laws of New Jersey. The testator bequeathed to certain collateral relatives legacies amounting to $4,150,000. The residue was bequeathed to the brothers and sisters of the decedent. A brother was executor. He distributed the estate’s assets by transferring non-New Jersey property to the collateral legatees and the New Jersey property to himself, another brother and sisters. At the time, the New Jersey property transferred to brothers and sisters of a decedent was exempt from the New Jersey inheritance tax, and the non-New Jersey property was not taxable. The lower court found that the distribution of the estate could not be arranged in this way so as to avoid the payment of New Jersey inheritance taxes. The result which the lower court reached was based on its conclusion that:
... each distributee has an undivided interest in all the assets of an estate, and that no particular portion of such assets passes to any particular distributee.
*142 Therefore, when it is ascertained what portion of the whole estate goes to all of the collateral distributees as a class, it will be presumed that such proportion of the New Jersey property goes to such class of collaterals as the property in New Jersey bears to property in New York — it being assumed that equal proportions of the property in both states will be devoted to the payment of collateral distributees. [79 N.J.L. at 307-308, 75 A. 574]
In reversing the lower court, the Court of Errors and Appeals stated that the case was controlled by its decision in Dixon v. Russell, 79 N.J.L. 490, 76 A. 982 (E. & A. 1910). In Dixon, it was held that no tax could be imposed on the New Jersey property of a non-resident decedent since New Jersey then only had a legacy tax, not a transfer tax. The reversal in Tilford v. Dickinson by the Court of Errors and Appeals also stated that, since the decedent died on March 9, 1909, the acts of April 20, 1909 (Pamph.L., pp. 304, 325) had no application to the estate of the decedent.
The concept of inheritance taxation elucidated by the lower court in Tilford v. Dickinson was declared and defined in the Transfer of Property Tax Act of 1909, Pamph.L., 1909, p. 325, effective April 20, 1909, to which the Court of Errors and Appeals in Tilford v. Dickinson made reference. This act was amended in 1914, Pamph.L., p. 267, and it is the source of N.J.S.A. 54:34-3 which controls the matter now before the court. The source act was adopted, as stated in the opinion in Lawyers Title & Trust Co. v. Comptroller of Treasury, 85 N.J.Eq. 481, 95 A. 1003 (Prerog.Ct.1915), to emphasize that the assets of an estate of a non-resident decedent may not be manipulated to avoid the payment of taxes by applying property in this state not specifically devised or bequeathed to the payment of exempt legacies and by applying the property outside the state to the payment, of non-exempt legacies, “as was attempted in the case of Tilford v. Dickinson.” Id. at 483, 95 A. 1003. The court in Lawyers Title then quoted from the lower court’s opinion in Tilford v. Dickinson to explain the rationale of the ratio tax. Id. at 483-484, 95 4. 1003. That rationale is codified in the ratio tax statute. The observations of the lower court in Tilford v. Dickinson are then a sound expression of the principles underlying the ratio tax. The ratio tax provided for in the present statute, N.J.S.A. 54:34-3, is directed at the post-mortem manipulation of a non-resident decedent’s estate accomplished by matching New Jersey property with exempt legatees or devisees and non-New Jersey property with non-exempt legatees or devisees resulting in the avoidance of New Jersey inheritance taxes on the transfer of New Jersey property.
*143 At common law all devises of land were deemed to be specific whether the land was identified in the devise or passed under the residuary clause. Now a devise of interests in realty can be classified as general or specific. Hattersley v. Bissett, 51 N.J.Eq. 597, 29 A. 187 (E. & A. 1893); 5A N.J. Practice (Clapp, Wills & Administration) (3 ed. 1982), § 256 at 84. Herschberg, in dealing with the applicability of N.J.S.A. 54:34-3 to a nonresident decedent’s estate, defined a specific devise or bequest.
A specific bequest or devise is a gift of a specific thing or of a particular part of the decedent’s estate, so described by the decedent’s will as to identify and distinguish the thing given from others of the same general nature, and may be satisfied only by the delivery and receipt of the particular item given. [Herschberg v. Taxation Div. Director, supra at 125]
A general devise or bequest was defined as:
... a gift which may be satisfied out of the general assets of the decedent’s estate by delivering all of his estate or any part of it corresponding to the gift in value or in general description. It is not paid out of any specific property and is not in any way separated or distinguished from other things of like kind. [Id. at 125-126]
Our court of last resort has said that “[a] bequest of all testator’s property of a certain kind is general.” In re U.S. Fid. & Guar. Co., 90 N.J.Eq. 254, 257, 106 A. 364 (E. & A. 1919). Since paragraph THIRD of decedent’s will does not distinguish among his parcels of real estate, it is a devise of all testator’s property of a certain kind, namely all of his realty.
In construing the terms of a will, however, “a court’s task is always to determine the intent of the testator.” Engle v. Siegel, 74 N.J 287, 290, 377 A.2d 892 (1977). Courts usually place a devise “into that class which most reflects the testator’s intention.” Herschberg v. Taxation Div. Director, supra at 127. See also 5A N.J. Practice, supra, § 248 at 63. It is therefore necessary to determine the testator’s intent. In making such a determination, a court examines “the entire will,” studies “competent extrinsic evidence,” attributes to the testator “common human impulses” and seeks to determine what he subjectively would have desired had he addressed the contingency which has arisen. Relevant circumstances must be studied. Engle v. Siegel, supra at 291, 377 A.2d 892.
 In addition to these general rules of will construction, a clear intention must appear before a devise will be held specific.
[T]he law is disposed ... to regard a legacy as either general or demonstrative if the will admits of such a construction. This general rule of construction rests upon the presumption that a testator did not intend to render his legacy *144 liable to ademption; and since all specific legacies are liable thereto, it is accordingly presumed as to any legacy that it is not specific. [5A N.J. Practice, supra, § 248 at 62-63; footnotes omitted]
To the same effect is In re Kantner’s Estate, 50 N.J.Super. 582, 143 A.2d 243 (App.Div.1958).
It is a “primary rule in the construction of wills that a clear intention on the part of the testator must appear in order to make a legacy specific.” Blair v. Scribner, 67 N.J.Eq. 583, 588, 60 A.211 (E. & A. 1905). The presumption against a specific bequest has “particular force in the case of a [devise] to the testator’s own flesh and blood.” 5A N.J. Practice, supra, § 248 at 63 (citing Blair v. Scribner). There is no good reason not to include a wife within the class of persons who are sought to be benefited by the presumption. Indeed, by analogy she must be included. Our Supreme Court discussed blood and marriage relationships in connection with resulting trusts and gifts and indicated that, for those purposes, a wife, son and stepchild are to be similarly treated. Weisberg v. Koprowski, 17 N.J. 362, 111 A.2d 481 (1955).
In the case presently before the court, paragraph THIRD makes a devise of all of the testator’s interest in real property; paragraph FOURTH makes a bequest of all of the testator’s tangible personal property; paragraph FIFTH makes certain cash bequests, and paragraph SIXTH bequeaths and devises the residue of the testator’s estate. If there were no paragraph THIRD there would be no difference in result since paragraph SIXTH would pass to the wife all the realty that paragraph THIRD does. But the wording of paragraph SIXTH does not indicate that the testator intended to devise specific real estate by paragraph THIRD.
In Burlington Cty. Nat’l Bank v. Braddock, 24 N.J.Super. 462, 94 A.2d 868 (Ch.Div.1953), Judge, later Justice, Haneman construed a provision in the will to be a specific bequest and devise by reading it together with other provisions of the will. The court found that the critical paragraph when read with other provisions of the will “individuated” the subject house and its household furnishings so as to distinguish it from other devised realty and bequeathed personalty. The court therefore concluded that the subject provision was a specific devise and bequest. Haslam v. Alvarez, 70 R.I. 212, 38 A.2d 158 (Sup.Ct. 1944) also demonstrates how the relationship among various provisions in a will may reveal a testator’s intent to make a *145 specific devise of realty and overcomes language otherwise indicating a general devise. Paragraph Fifth of the will beforé the Haslam court stated, in pertinent part, “I give and devise all real estate owned by me or in which I may have an interest to my said daughter.” 38 A.2d at 161. The Haslam court read paragraph Fifth with paragraph Sixth. Paragraph Sixth stated:
If my husband, Pedro de Alvarez, shall survive me and shall express a desire to have a part of my land at Cowesset-, not to exceed one acre in area, I request my said daughter (but without placing her under any legal obligation so to do) to convey to my said husband such parcel of land. [Id. at 162]
Because of the language of paragraph Sixth the Halsam court concluded that it was the testator’s intent to make a specific devise of one particular piece of real estate through the normally general devise language of paragraph Fifth. Ibid. The language “all real estate owned by me” was found to be a specific devise since the decedent had only one particular piece of real estate in mind. The court reached this conclusion because the will also contained a provision requesting the devisee to convey one acre of the land to the decedent’s husband. The Lansing will cannot be construed in the same manner as the wills in Burlington Cty. Nat’l Bank and Haslam.
The decedent’s reasons for wording his will as he did are unknown to the court. A will’s form, such as the arranging of paragraphs in a certain order, can enhance the clarity of the testator’s intent, but it does not affect the fundamental nature of a particular devise or bequest. Burlington Cty. Nat’l Bank v. Braddock, supra. For whatever reason the will was written as it was, the court cannot conclude from this particular style of draftsmanship that it was testator’s intent to specifically devise any realty interests by paragraph THIRD. Plaintiff did not present the court with any evidence of the surrounding facts and circumstances which might have shown that the existence of the separate paragraph THIRD reflected an intent on the testator’s part to specifically devise his realty interests. In the absence of significant surrounding circumstances, made known to the court by plaintiff, the wording of the will is all that is available to the court to determine the testator’s intent. Addi *146 tionally, adverse tax consequences do not relieve a court from determining testator’s intent in accordance with the commonly accepted rules of construction. Estate of Philip F. duPont, 475 Pa. 49, 379 A.2d 570 (1977).
The testator used only words of generality when disposing of his real estate interests in paragraph THIRD. Paragraph SIXTH does not in anyway suggest that it was testator’s intent to specifically devise his realty interests through paragraph THIRD. Plaintiff has not introduced any evidence of surrounding facts and circumstances, and plaintiff has failed to overcome the strong presumption against specific devises of realty made to the wife of a testator.
Plaintiff argues against the use of the ratio tax saying that the provisions of the Lansing will are not susceptible to the kind of manipulation against which the ratio rule is aimed. However, the legislative response to the problem was based on the common law of New Jersey that legal title to specifically devised realty is in the devisee, and executors of estates have no legal control over such devises.[2] Anderson’s Ex’rs v. Anderson, 31 N.J.Eq. 560, 564 (Ch.1879). Only “legacies [or devises] specifically transferred to the beneficiary by force of the terms of the will” pass so as to avoid the application of the ratio tax. Tilford v. Dickinson, 79 N.J.L. at 308, 75 A. 574. Perhaps for relative ease in the administration of the State’s inheritance tax laws the Legislature chose to limit the exception to the ratio method to specific devises and bequests instead of attempting to describe *147 all of the factual circumstances in which foreign estates could be manipulated to avoid New Jersey inheritance taxes.
It is ... obvious that, in as much as property in this state specifically devised . .. could not be utilized in the distribution of a foreign estate, the legislature in conformity with its scheme and in entire harmony with its theory, advisedly excluded from the computation property transferred in this manner. [Lawyers Title & Trust Co. v. Comptroller, of Treasury, 85 N.J.Eq. at 484, 95 A. 1003]
Since the Legislature has concluded to solve the possible harm to inheritance tax revenues in this manner, judicial deference ought to be paid to the Legislature’s expression of the public policy in this area. Enforcing the collection of taxes involves an area of “special legislative concern.” New Shrewsbury Bor. v. Block 115, Lot 4, 74 N.J.Super. 1, 180 A.2d 387 (App.Div.1962); Garden State Racing Ass’n v. Cherry Hill Tp., 1 N.J.Tax 569, 576 (Tax Ct.1980). Confirming this concept is WHYY, Inc. v. Glassboro Bor., 50 N.J. 6, 231 A.2d 608 (1967), rev’d 393 U.S. 117, 89 S.Ct. 286, 21 L.Ed.2d 242 (1968), in which the court dealt with classification for taxation purposes and concluded that the Legislature is given wide latitude in classifying for such purposes. The court also said that “[a]s long as the statute may be justified on any reasonable theory, the Legislature’s determination will be upheld.” 50 N.J. at 13, 231 A.2d 608, WHYY, Inc. was cited with approval in Vornado, Inc. v. Hyland, 77 N.J. 347, 390 A.2d 606 (1978) in which our Supreme Court said that the heart of the statutory classification criterion was expressed in WHYY, Inc. and the reversal by the United States Supreme Court was not on any disagreement with the standard but on our Supreme Court’s application of the standard.
The language of the statute is clear and unambiguous and is to be applied as written. Lawyers Title & Trust Co., supra at 484, 95 A. 1003. It provides for an exception to the ratio rule only in the event of a specific bequest or devise.
Plaintiff also argues that the testator’s intent to specifically devise his New Jersey realty is indicated by his use of the phrase “at the time of my death” in paragraph THIRD. Plaintiff relies on In re Low, 103 N.J.Eq. 435, 143 A. 222 (Prerog.Ct.1928). In that case the testator bequeathed a certain number of shares of stock to certain beneficiaries. The court noted that “[t]he *148 presumption is that a legacy is general and the burden of proof is on the legatee to prove otherwise.” Id. at 438, 143 A. 222. In holding the two legacies to be general and not specific, the court said that a legacy of stock is a general legacy unless the testator refers to it as “ ‘in my possession,’ ‘stock owned by me,’ ‘my stock,’ or ‘in my name’ at the date of the execution of the will,” or uses similar qualifying words. Id. at 439, 143 A. 222; emphasis supplied. Therefore In re Low does not stand for the proposition for which it was cited by plaintiff and is of no help to it. On the contrary, our former Court of Errors and Appeals has concluded that a general bequest is not made a specific bequest by the use of the words “that I may die possessed of.” In re U.S. Fid. & Guar. Co., 90 N.J.Eq. at 257, 106 A. 364. To the same effect is Righter v. Fidelity Union Tr. Co., 110 N.J.Eq. 169, 159 A. 393 (Ch.1932).
“A will ... becomes effective as of the time of the death of the testat[or], and its operative effect is regulated by the law existing at the time.” Miller v. Reich, 134 N.J.Eq. 28, 31, 34 A.2d 143 (Ch.1943). See also Bartel v. Clarenbach, 114 N.J.Super. 79, 274 A.2d 841 (Ch.Div.1971); In re Fernandez, 173 N.J.Super. 240, 413 A.2d 998 (Law Div.1980). The effect of language used to devise realty is determined by the law of the situs of the realty, here the law of New Jersey. Hoyt v. Orcutt, 59 A.2d 17 (Ch.1948), rev’d on other grounds, 1 N.J. 454, 64 A.2d 212 (1949); Fidelity Union Trust Co. v. Ackerman, 123 N.J.Eq. 556, 199 A. 379 (E. & A.1938). See also In re Estate of Janney, 498 Pa. 398, 446 A.2d 1265 (1982). At the time of decedent's death in the present case, N.J.S.A. 3A:2A-22[3] directed that á will passed all property which a testator owns at the time of his death. Hence, the words “at the time of my death” in paragraph THIRD of the Lansing will are meaningless under New Jersey law.[4]
*149 Paragraph THIRD of the Lansing will is a general devise. The ratio formula of N.J.S.A. 54:34-3 is the correct method for calculating the inheritance tax due on the transfer of the New Jersey realty of this nonresident decedent. The Director’s tax assessment of $34,045 is affirmed, and the complaint is dismissed.

 As amended by L.1978, c. 32, § 1, eff. July 1, 1979.

 Executors also could not lease real estate specifically devised by will. N.J.S.A. 3A:16-1. N.J.S.A. 3B:14-23, effective May 1, 1982, now codifies the common law, encompasses the provisions of N.J.S.A. 3A:16-1, now repealed, and provides that executors may not exercise control over “specifically disposed of’ property. N.J.S.A. 3B: 14-23 e. Thus, by statute, only in the case of specifically disposed of realty or personalty is the executor constrained to deliver the particular devise or bequest to the named object of the testator’s bounty. Cf. Hayes v. Hayes, 45 N.J.Eq. 461, 17 A. 634 (Ch.1889) (executor has power over specifically devised personal property), aff'd sub nom. Hayes v. Berdan, 47 N.J.Eq. 567, 21 A. 339 (E. & A. 1890).

Now designated as N.J.S.A. 3B:3-34, L.1981, c. 405, eff. May 1, 1982.

Although Connecticut law does not control the effect of this Connecticut testator’s devise of New Jersey realty, it is the same as New Jersey law.
*149 Every devise purporting to convey all the real property of the testator shall be construed to convey all the real property belonging to him at the time of his decease, unless it clearly appears by his will that he intended otherwise. [Conn.Gen.Stat.Ann. § 45-160a.]