LAWRENCE MAXWELL ET AL., EXECUTORS, ETC., OF LAST WILL OF JAMES McDONALD, DECEASED, APPELLANTS, v. EDWARD I. EDWARDS, STATE COMPTROLLER OF THE TREASURY OF NEW JERSEY, ET AL., RESPONDENTS.

Argued March 13, 1917—Decided June 18, 1917.

On appeal from the Supreme Court, whose opinion is reported in 89 *N. J. L.* 446.

For the appellants, *Coult & Smith* (*Edward De Witt,* of New York).

For the respondents, *John W. Wescott,* attorney-general, and *John R. Hardin.*

PER CURIAM.

The constitutionality of the act of April 9th, 1914 (*Pamph. L., p.* 267), amending the Inheritance Tax law of April 20th, 1909 (*Pamph. L., p.* 325), has been sustained by the Supreme Court in an opinion by Mr. Justice Minturn. *Maxwell* v. *Edwards,* 89 *N. J. L.* 446.

Nothing need be added thereto, on the constitutionality of the act, but it is important that the facts illustrating the method by which the transfer inheritance tax was levied in this case may be amplified somewhat, thus the return to the writ of *certiorari* shows the appraised value of the entire estate, wherever situate, was ascertained and fixed at $3,969,-333.25. From this amount was deducted $328,914.04, being the appraised value of the New Jersey stocks specifically bequeathed to the widow and stranger, leaving $3,640,419.21, from which figure was deducted $270,813.17, being the amount allowed for debts, administration expenses, &c., leaving a net estate of $3,369,606.04; from this net estate was deducted legacies bequeathed under the will, together with legacies to beneficiaries in the five per cent. class and the in-

terest of the widow in the estate, other than New Jersey stocks specifically bequeathed, amounting to $651,474.25, leaving a residuary estate of $2,718,131.79.

The appraised value of the New Jersey stocks specifically bequeathed to the widow was ascertained to be $246,685.53, and the rate of taxation assessed thereon is one per cent., one and one-half per cent. and two per cent., making the tax due this state on this specific bequest to the widow $3,933.71.

The appraised value of the New Jersey stock specifically bequeathed to the stranger was ascertained at $82,228.51, and the rate of taxation on the value of this bequest is five per cent., making the amount of tax due $4,111.42. The appraised value of the New Jersey stocks owned by the decedent at the time of death was $1,114,965; from this appraised value was deducted the appraised value of the New Jersey stocks specifically bequeathed to the widow and stranger, amounting to $328,914.04, leaving the net appraised value of the New Jersey property, which formed a portion of the general assets of the estate at $786,050.96.

The method employed in ascertaining the tax due this state, on the transfer of the shares of stock of the New Jersey corporations not specifically bequeathed, is as follows:

The amount of legacies, &c., passing to beneficiaries taxed at the rate of five per cent. was determined at $356,761.26, making the tax due thereon at the rate of five per cent. $17,-838.06. The interest of the widow in the estate, other than shares of New Jersey stocks specifically bequeathed, was determined to be $294,712.99, and the statutory exemption of $5,000 was deducted and the tax at the rate of two per cent. and three per cent. was $8,658.24. The residuary estate was taxed as passing to the son and two grandchildren and determined to be $2,718,131.79, and the statutory exemption of $5,000 to each, totalling $15,000, was deducted, and the balance taxed at the rate of one per cent., one and one-half per cent.; two per cent. and three per cent., making the tax on the residuary estate $70,893.95. .

The total amount of tax on the interest of the collateral heirs, and the amount passing to the widow, together with

the residuary estate passing to the son and grandchildren, as set forth above, total, $97,390.25.

The percentage or proportion of the New Jersey stocks (not specifically bequeathed), which total $786,050.96, bears to the entire estate (less specific bequests of New Jersey stocks), which total $3,640,419.21, was determined to be .2159, thus:

$3,640,419.21) $786,050.96 (   .2159

This percentage or proportion of $97,390.25, which is the tax that would have been due, if the decedent had died a resident of this state and all his property had been located here, equals $21,026.55. The total amount of. tax; as set forth above, which included the tax on the New Jersey stocks specifically bequeathed to the widow and stranger and the New Jersey stock which forms a portion of the general assets of the estate, totals $29,071.68, the amount of the tax.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, GARRISON, TREN-CHARD, BERGEN, BLACK, WHITE, HEPPENHEIMER, WIL-LIAMS, TAYLOR, GARDNER, JJ.   10.

*For reversal*—None.