TOWNSHIP OF TEANECK, PROSECUTOR, v. STATE BOARD OF TAX APPEALS AND THE COUNTY OF BERGEN, DEFENDANTS.

Submitted October 14, 1932—Decided January 20, 1933.

Before Justices PARKER, LLOYD and HEHER.

For the prosecutor, *Warner W. Westervelt, Jr.*

For the defendant county of Bergen, *Stanton T. Lawrence.*

The opinion of the court was delivered by

PARKER, J. On the taxing date, October 1st, 1928, the land in question was, as stated by the board, idle. It was not in use for any purpose whatever. There had been some thought of using it for a children's home, but that idea had been abandoned, and the home had been built elsewhere. A feeble attempt had been made to raise hay and garden truck for county purposes, but that had been abandoned also. Some old buildings had been destroyed, the tract was simply disused, and while one of the freeholders testified that the county was "holding it because sooner or later I think we will need

that for a park or something else," he admitted that offers to sell had been considered, but that the amount had been deemed insufficient, and the board of freeholders felt they ought to hold it until they could use it for some county purpose. But no actual use was being made, and none was presently intended.

The state board put its decision affirming the exemption ordered by the county board, on the ground that "notwithstanding the land is idle, it is used for public purposes in contemplation of law," citing several cases which it will be unnecessary to discuss.

The Tax act of 1918 (*Pamph. L., p.* 847) provides by section 202, that "all property, real and personal, * * * not expressly exempted by this act or excluded from its operation, shall be subject to taxation annually under this act at its true value, * * *."

By section 203, several times amended, certain exemptions are declared. The amendment in force on October 1st, 1928, was that of 1927 (*Pamph. L., p.* 790), which exempts "property of the respective counties * * * when located therein and used for public purposes * * *."

But for the decision of the Court of Errors and Appeals, touching these very sections, in *Jersey City* v. *Blum,* 101 *N. J. L.* 93, 96, it might well be argued that the broad language of section 202, particularly when read with section 203 as quoted, evinced an intent to subject all municipal property to taxation unless exempted. But the court read them otherwise, holding that under the case of *Essex County Park Commission* v. *West Orange,* 77 *Id.* 575, the exemption clause quoted from section 203 was unconstitutional as creating an improper classification dependent on location: and that with that exemption clause struck out of the statute, the language of section 202 must be construed as not intended to cover property of the state or its political subdivisions; citing *Trustees* v. *Trenton,* 30 *N. J. Eq.* 667.

We deem that the present case is controlled by the decision in Jersey City *v.* Blum: for while part of the property dealt with in that case was held taxable under a statute of 1910

not here applicable, the remainder was held exempt under the construction placed by the court on section 202. It is true that that remainder lay outside of Jersey City: but to say that the unconstitutionality of the clause in section 203 is to be invoked in favor of "outside" property and not as regards "inside" property is to raise in another way precisely the distinction that was condemned in the decision.

Following the ruling in Jersey City *v.* Blum, the question whether the lands now under discussion are or are not used for public purposes becomes irrelevant and academic.

These considerations require an affirmance of the judgment of the state board, but without costs. The point of laches is raised in the brief, but in view of the foregoing it requires no treatment.