HOPKINS, J. T. C.
Plaintiff is the executrix of the estate of a non-resident decedent who owned real estate in New Jersey at the time of his death.
The defendant subjected the New Jersey real estate to the New Jersey Inheritance Tax under the provisions of N.J.S.A. 54:34-3. That section provides, in general, that an estate of a non-resident decedent must pay a proportionate share of the New Jersey Inheritance Tax computed as if the decedent had been a resident of New Jersey and all his property had been located within New Jersey. Plaintiff claims that the aforesaid provision does not apply as the New Jersey real estate passed as a specific devise which should be taxed at the rates provided in N.J.S.A. 54:34-2.
The relevant facts are not in dispute. The decedent died testate on January 10,1979, a domiciliary of the state of Florida. His will, dated January 3, 1976, provided, in pertinent part, as follows:
*124 FIRST: I direct my Personal Representative to pay all of my just debts, funeral expenses and expense of my last illness as soon as practicable.
SECOND: I give, devise and bequeath all my property, real, personal and mixed, to my wife, PAULA HERSCHBERG, provided she survives me for a period of thirty (30) days (the day of my death shall not be counted in computing said period of time), but if she fails to so survive me... .
THIRD: I direct my Personal Representative to pay from my general probate estate all State and Federal estate and inheritance taxes, including interest and penalties thereon, assessed against all property included in my taxable estate without regard to whether such property passed under my Will or otherwise. My Personal Representative shall have no right of reimbursement for such tax from any recipient or beneficiary of any property... .
FIFTH: My duly appointed Personal Representative shall have all the powers conferred by law relative to the administration of my estate and the power:
(1) To sell, purchase, lease or mortgage real property or tangible and intangible personal property.
(2) To compromise or adjust claims or demands in favor of or against my estate.
(3) To make full or partial distribution and division of my estate in cash or in kind or partly in cash and partly in kind....
In calculating the inheritance tax, the defendant followed the procedure provided by N.J.S.A. 54:34-3. He first determined the value of the estate and then determined the value of the taxable property in New Jersey hot specifically bequeathed or devised. Having computed the aforesaid two figures, he determined the ratio of the taxable estate in New Jersey to the total estate. That ratio was applied to a tax computed as if the total estate was subject to New Jersey tax. Having determined that there was no property specifically bequeathed or devised pursuant to decedent’s will, the Bureau determined the tax to be $22,120.94.
Plaintiff’s position is that, as the decedent gave “all of his estate, both real and personal,” to his wife, the property in New Jersey was specifically devised to her and, as such, there should be no tax computed by virtue of the ratio procedure but, in fact, the tax should have been computed as provided by N.J.S.A. 54:34-2 and be limited to $10,000.
There is no disagreement between the parties as to the tax computations. The only issue to be decided is whether the *125 provisions of the will specifically devised the New Jersey real estate to the decedent’s wife.
Plaintiff has moved for summary judgment predicated upon the aforesaid undisputed facts. Defendant has filed a cross-motion for summary judgment. It is well settled that summary judgment may be entered whenever the moving parties have shown that there is no genuine issue as to any material fact so as to permit a judgment or order as a matter of law. Judson v. Peoples Bank and Trust Co., 17 N.J. 67, 74, 110 A.2d 24 (1954); R. 4:46-2.
The ratio procedure for determining the New Jersey Transfer Inheritance Tax, as presently provided in N.J.S.A. 54:34-3, was first enacted in 1909 and later amended in 1914 to substantially its present form for the purpose of equalizing the rate of tax imposed on residents’ and non-residents’ estates. Maxwell v. Edwards, 89 N.J.L. 446, 448-449, 99 A. 138 (Sup.Ct.1916) aff’d 90 N.J.L. 707, 101 A. 248 (E. & A. 1917) aff’d 250 U.S. 525, 40 S.Ct. 2, 63 L.Ed. 1124 (1919). The last paragraph of N.J.S.A. 54:34-3 excludes from the ratio clause any New Jersey property of a non-resident decedent specifically bequeathed and devised, and the tax on that category of property is calculated at the same rate used if the decedent had been a New Jersey resident. In computing the tax, the defendant determined that the New Jersey property was not specifically devised within the meaning of N.J.S.A. 54:34-3.
A specific bequest or devise is a gift of a specific thing or of a particular part of the decedent’s estate, so described by the decedent’s will as to identify and distinguish the thing given from others of the same general nature, and may be satisfied only by the delivery and receipt of the particular item given. In Re Low, 103 N.J.Eq. 435, 437, 143 A. 222 (Prerog.Ct.1928); 6 Page, The Law of Wills, § 48.3 at 11-12 (Rev. Ed. 1962); 5 N.J. Practice (Clapp, Wills and Administration) (3rd ed. 1962) § 246 at 425-426. A general bequest or devise on the other hand, is a gift which may be satisfied out of the general assets of the decedent’s estate by delivering all of his estate or any part of it *126 corresponding to the gift in value or in general description. It is not paid out of any specific property and is not in any way separated or distinguished from other things of like kind. Camden Trust Co. v. Cramer, 136 N.J.Eq. 261, 40 A.2d 601 (E. & A. 1944); In Re Low, supra; 6 Page, supra, § 48.2 at 7-8; 5 N.J. Practice, supra, § 247 at 431-432. A bequest of all testator’s property of a certain kind is a general legacy. In Re U.S. Fidelity & Guaranty Co., 90 N.J.Eq. 254, 257,106 A. 364 (E. & A. 1918).
The distinction was commented upon in Busch v. Plews, 19 N.J.Super. 195, 204, 88 A.2d 264 (Chanc.1952), aff’d 21 N.J.Super. 588, 91 A.2d 625 (App.Div.1952) aff’d 12 N.J. 352, 96 A.2d 761 (1953), as follows:
The distinction between a general legacy and a specific legacy is that the former may be satisfied out of the general assets of the testator’s estate without regard to any particular fund, thing or things, while the latter are gifts of particular specified things or the proceeds of a sale of such things, or of a specific fund or a portion thereof, [citations omitted]
There are also two other classes of legacies known as demonstrative and residuary. A demonstrative legacy is a gift directed to be paid out of certain property, but if this property is insufficient, then it is payable out of the other assets of the estate. 6 Page, supra, § 48.7 at 27-28. A residuary legacy is a gift which disposes of the remainder of the testator’s property after all debts, taxes and expenses have been paid and after all specific, general and demonstrative gifts have been satisfied. 6 Page, supra, § 48.10 at 34-35.
In New Jersey, residuary legacies are divided into general residuary legacies and specific or particular residuary legacies. A general residuary clause disposes of the residuum of the testator’s estate while a specific or particular residuary clause disposes of only the residuum of certain specified property or of property of a certain kind or class. Salem Nat. Bank & Trust Co. v. Harkins, 140 N.J.Eq. 82, 88, 53 A.2d 373 (Chanc.1947); 5 N.J. Practice, supra, § 254 at 445.
While it is generally assumed that the terms which are used to designate the various classes of legacies have the same meaning *127 without regard to the nature of the problem, it is by no means certain that they are used in the same way in all cases. The courts have generally determined the class under which a legacy is to be placed by ascertaining the incidents which the testator intended that such legacy should have, whether in the case of abatement due to a deficiency in assets, an ademption due to the destruction or sale of the subject matter of the gift, or as to the right to accretion. The courts usually place the legacy into that class which most reflects the testator’s intention. 6 Page, supra § 48.1 at 2. In this respect, the Supreme Court of New Jersey has stated in Busch v. Plews, supra:
... Courts today readily shed the tyranny of labels and justify strain to ascertain, and effectuate, if lawful, the overriding plan and purpose of the testator as gathered from the language of his entire will and the attendant circumstances.... [12 N. J. at 358; 96 A.2d 761]
In reviewing the will of the decedent herein, it is noted that the first clause specifically provides for payments of just debts, funeral expenses and the expense of his last illness. The second clause gives, devises and bequeaths all of decedent’s property, real, personal and mixed, to his wife. The third clause then directs the decedent’s personal representative to pay, from the general probate estate, all state and federal estate and inheritance taxes, including interest and penalties thereon. In ascertaining the intent of the testator, it is not necessary that a residuary clause be the last dispositive provision of the will. The fact that it does not appear at the end of the will does not prevent it from being a residuary clause. Since parts of the will may be transposed in construction if the sense so requires, the residuary clause is construed as though it were the last dispositive clause of the will, whatever may be its actual position. Salem Nat. Bank & Trust Co. v. Harkins, supra; Scarborough v. Scarborough, 134 N.J.Eq. 201, 34 A.2d 791 (Chanc.1943); 4 Page, The Law of Wills, § 33.47 at 370-71 (Rev. Ed. 1962).
Following the aforesaid rules of construction, Paragraph Second is clearly a residuary clause providing a gift of all remaining property, real, personal and mixed, to the decedent’s wife, after the personal representative has paid decedent’s just *128 debts, funeral expenses, expenses of his last illness, and all state and federal estate and inheritance taxes, including interest and penalties thereon.
In applying the rules of construction heretofore detailed, the decedent’s wife cannot, as a recipient of the residuum of the decedent’s estate, point with any degree of specificity to any particular item which can be designated as a specific legacy. Decedent’s personal representative had the authority to utilize any part of the decedent’s property necessary to satisfy the directions contained in the first and third paragraphs of the will. It is to be noted that the fifth paragraph of the will specifically authorized the personal representative to sell or mortgage the real property. See also N.J.S.A. 3A:2A-54 as to right to possession and control of all property, real and personal, located in New Jersey.
Plaintiff has placed great reliance on In Re Thompson, 90 N.J.Super. 350, 353, 217 A.2d 627 (App.Div.1966) for the proposition that a testamentary disposition of all testator’s estate is a specific legacy. In order to place the Thompson case in perspective, it must be analyzed to determine the issue there involved. The Thompson case involved an appeal from a decision by the trial court that a testamentary provision which gave the decedent’s wife “an amount equal to 50 percent of my entire estate” was a legacy which entitled the decedent’s wife to 50 percent of the value of the estate of said testator determined as of the date of distribution to her and not as of the date of the testator’s death. In reversing, the court stated that, “if the testator had devised and bequeathed 50% of his entire estate to his wife, that would have been a specific devise and bequest, and she would have been entitled to all accretions thereto after the testator’s death and until the time of distribution.” Id. at 353, 217 A.2d 627. However, as the legacy there being construed was not “fifty percent of my entire estate” but, “an amount equal to fifty percent of my entire estate”, the court held that the decedent’s wife was not entitled to accretion.
*129 The only issue before the court was whether the beneficiary was entitled to accretion. In reaching its conclusion, the court quoted from 4 Page on Wills, § 1599, pp. 552-3 (3rd Ed. 1941), as follows:
“A general legacy, other than a gift of testator’s entire estate or a fraction or residue thereof does not carry income and profits before it is due * * *
A gift of all of testator’s estate, or a fraction thereof, or the residue thereof, passes all income and increment not otherwise disposed of * *
It is obvious that the court properly considered the quotations as support for the proposition that a gift of testator’s entire estate, or a fraction of the residue thereof, included accretions. However, the quotations do not support the proposition that, because such bequests or devises entitled beneficiaries to accretion, that they were specific legacies or devises. Rather, the quotations support the proposition that such bequests or devises, while general legacies, are, nevertheless, entitled to accretion.
In commenting on a legacy consisting of a percentage portion of the whole estate, the court, in Thompson, was commenting on a factual situation which it did not have before it. It was construing a provision in a will which left the decedent’s wife “an amount equal to fifty percent” rather than a legacy of “fifty percent.” Accordingly, any comment as to the effect or designation of a bequest of “fifty percent” of a decedent’s estate must be considered dictum.
It is firmly established that dictum, while entitled to great weight, does not invoke the principle of stare decisis. Lehigh Valley R.R. Co. v. Chapman, 35 N.J. 177, 171 A.2d 653 (1961), cert. den. 368 U.S. 928, 82 S.Ct. 364, 7 L.Ed.2d 192 (1961); Jamouneau v. Division of Tax Appeals, 2 N.J. 325, 66 A.2d 534 (1949); Beirne v. Gangemi, 74 N.J.Super. 557, 181 A.2d 800 (App.Div.1962) certif. den. 38 N.J. 307, 184 A.2d 420 (1962).
The dictum in Thompson is not unlike the situation discussed in Jamouneau v. Div. of Tax Appeals, supra, wherein the issue was whether real estate owned by a municipality and leased to private industry was subject to local property tax. The court therein discussed language contained in Tp. of Teaneck v. State *130 Board of Tax Appeals, 110 N.J.L. 28, 164 A. 895 (Sup.Ct.1932), aff’d 111 N.J.L. 242,168 A. 449 (E. & A. 1933), to the effect that the question of whether the county owned lands were or were not used for public purpose was irrelevant and academic.in determining whether they were subject to local property tax. The court in Jamouneau stated as follows:
... The statement in the Teaneck opinion that the question whether the lands were or were not used for public purposes was irrelevant and academic, was made specifically with respect to the situation there under discussion and is not to be understood as the pronouncement of a general principle. If the expression was intended for wider application, it is to be classed as judicial dictum because it was not necessary to the decision then being made; as such it is entitled to due consideration but does not invoke the principle of stare decisis. [2 N.J. at 332, 66 A.2d 534]
The appellation applied to the hypothetical legacy of “fifty percent of his entire estate” in Thompson, supra, was clearly not necessary to the decision as to whether “an amount equal to fifty percent of his entire estate” was entitled to accretion.
Plaintiff’s reliance on case law of other jurisdictions does little to support her position. In re Marino’s Estate, 39 Cal.App.2d 1, 5, 102 P.2d 443, 445 (Dist.Ct.App.1940), contrary to the plaintiff’s interpretation, specifically reversed a holding of the trial court that a devise of “all my real property” was a specific devise. In the case of In re Grenier’s Estate, 168 Neb. 633, 636, 97 N. W.2d 225 (Sup.Ct.1959), the court did hold that a gift of “all of my personal property” was a specific bequest. However, that court recognized that there were decisions to the contrary. Also, contrary to the established law of New Jersey, Nebraska courts have no judicial bias against specific legacies. See Camden Trust Co. v. Cramer, supra at 270, 40 A.2d 601.
The case of In re Bernheimer’s Estate, 352 Mo. 91, 176 S. W.2d 15 (Sup.Ct.1943), involved a contest as to which of two bequests should be liable for the federal estate tax and expenses of administration. The provision of the will, in pertinent part, read, “all property owned by me at my death ... excepting however, all stocks and bonds owned by me at my death[.]” A subsequent bequest was of “all of the above excepted stocks and bonds owned by me[.]” 176 S. W.2d at 17. Rather than hold *131 that either of the gifts were specific or general, it held that in construing the will, the intent of the testator was to have both bequests to ratably bear the burden of the disputed expenses.
Howe v. Howe’s Executrix, 287 Ky. 756, 155 S. W.2d 196 (Ct.App.1941), did not involve a legacy similar to that under review but was a bequest of “all my personal property consisting of antique furniture, stocks and bonds and money invested with” two insurance companies, which was to be divided equally between the widow of her deceased brother and his infant child, who was decedent’s only nephew. Id. at 757, 155 S. W.2d at 198. General bequests to others would have adversely impacted on the legacy to her nephew and her sister-in-law if the bequest was held to be a general or residuary legacy. Accordingly, the court construed the entire will to manifest an intention to provide for the infant son of decedent’s deceased brother, who was decedent’s only blood relative, even at the expense of her friends and collateral kin to whom she had left general bequests. The designation of the bequest as specific was obviously done to implement the testator’s intent.
In Haslam v. Alvarez, 70 R.I. 212, 38 A.2d 158 (Sup.Ct.1944), where “all real estate owned by me” was found to be specific, the court had found that the decedent had only one particular piece of real estate in mind, particularly as the will contained a provision requesting the beneficiary, in her discretion, to convey one acre of it to the decedent’s husband, if he survived and requested said acre of land. Here, too, the provision construed is quite different from the subject legacy.
Predicated upon established legal principles applicable to wills as enunciated by the courts of New Jersey, which principles are not inconsistent with case law in other states, the New Jersey real estate which was devised to the decedent’s spouse was part of the general residuary estate and not a specific devise.
Plaintiff’s motion is denied and defendant’s cross-motion is granted. Defendant will submit a proposed form of judgment as provided by R. 4:42-1.