DOUGHERTY, J.T.C.
THE ISSUE: Was the transfer of real and tangible personal property to a testamentary trust by a nonresident decedent subject to the ratio tax provided under N.J.S.A. 54:34-3?
THE FACTS: Baier Lustgarten (the “Decedent”) died testate on April 4, 1990, domiciled in the State of New York. Decedent was survived by his wife, Elizabeth Lustgarten (the “Surviving *3 Spouse”), his stepson, Kenneth Lustgarten (“Decedent’s Stepson”), and other children, stepchildren, and more remote family members. Decedent’s Will was duly admitted to probate by the Surrogate’s Court of Suffolk County, New York on June 7, 1990. The Will appoints the Surviving Spouse, Decedent’s Stepson, and Decedent’s accountant as Executors (the “Executors”) and Decedent’s Stepson and accountant as Trustees of the Trust created under Article Fifteenth.
Decedent’s gross estate, valued as of April 4, 1990 at $31,297,-417, included both real and tangible personal property within the State of New Jersey. This property includes:
a. Real property of approximately 764.76 acres, located in Cream Ridge, Upper Freehold Township, Monmouth County, having an aggregate clear market value as of April 4, 1990, of $5,252,730, including several residential buildings and various other improvements (the “New Jersey Realty”). A portion of the acreage and the nonresidential improvements are utilized in the conduct of a nursery business. Decedent’s Stepson resides at the Property and operates the business.
b. Tangible personal property consisting of vehicles, equipment, tools, and machinery utilized in the conduct of the nursery business having an aggregate clear market value as of April 4, 1990, of $313,700; and plant inventory of the nursery business having a clear market value as of such date of $443,361.75 (collectively the “New Jersey Tangible Personalty”).
Articles First through Fourteenth of Decedent’s Will contain the following categories of devises,[1] which total approximately $2,423,000:
A. Tangible personal property (other than cash on hand) and personal effects — Article First — to the surviving Spouse if then *4 living at Decedent’s death and if not, to Decedent’s Stepson;[2]
B. Pecuniary devise of $250,000 — Article Second — to Decedent’s daughter;
C. Pecuniary devises totalling $1,600,000 — Articles Third through and including Sixth — to Decedent’s various named siblings and a nephew of Decedent;
D. Pecuniary devise of $250,000 to Surviving Spouse as Trustee for the benefit of Decedent’s son, David — Article Seventh;
E. Pecuniary devises totalling $268,000 — Article Eighth — to various named employees of Decedent (or of business entities in which Decedent owned an interest); and
F. Outright pecuniary devises totaling $55,000 — Article Ninth through and including Article Fourteenth — to various charities.
Article Fifteenth of Decedent’s Will provides:
If my wife survives me, I give, devise and bequeath all the rest, residue and remainder of my property, of every kind and nature and wheresoever situated, whether real or personal (my “residuaiy estate"), to my Trustees to be held, administered and distributed as follows:
(A) My Trustees shall pay to or for the benefit of my wife all of the net income from the trust in quarterly or more frequent installments so long as she shall live.
(B) My Trustees, in their sole and absolute discretion, may also pay to or apply for the benefit of my wife such portions of the principal of the trust as they deem appropriate to liberally provide for my wife’s care, support and maintenance during her lifetime, after taking into account her other capital resources.
(C) I authorize my Executors, in their sole discretion, to elect, under Internal Revenue Code Section 2056(b)(7) [3] or equivalent state provision, to qualify all or a *5 specific portion or none of the trust created in this Article for the federal or state estate tax marital deduction. It is my wish or desire that my Executors shall exercise their discretion so as to minimize estate and income taxes. However, my Executors shall also consider the size and taxable status of my wife’s estate in exercising their discretion. My Executors shall make their election upon the timely filed federal estate tax return for my estate and such election shall not be subject to challenge by any affected party.
(D) Upon the death of my urife after my death, I direct my Trustees to pay over or distribute the property of the trust as then constituted, or if my wife does not survive me, my Trustees upon my death shall divide and distribute all of the trust property as follows:
(1) To my wife’s son, KENNETH LUSTGARTEN, all then existing real and personal property located in the State of New Jersey including, but not limited to, the nursery and real property located at Cream Ridge consisting of approximately seven hundred sixty (760) acres, together with the fixtures, vehicles, equipment, inventory, houses, stock and accounts receivable of the business, subject to any then existing outstanding bills and liabilities relating to such property.

(2) If KENNETH LUSTGARTEN shall predecease me, then my Trustees shall pay over and distribute the above described trust principal to his children who shall survive me, in equal shares per stirpes.

(3) To my daughter, SUZANNE, the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) dollars, or if she shall have predeceased me, to her children who shall survive me, in equal shares, per stirpes.
(4) The balance of the principal of the trust, after distribution as described in the above subparagraphs “(I)”, “(2)’’ and “(3)” shall be divided among my wife's sons, J. PAUL HOFFMAN, HOWARD CARL LUSTGARTEN and GARY THOMAS LUSTGARTEN, or to the survivor of them, in equal shares per capita, [emphasis added]
*6 In the course of administration of Decedent’s Estate, the Executors filed an affidavit (pursuant to N.J.A.C. 18:26-9.5) for payment of a flat tax with respect to the transfer of the New Jersey Realty and Tangible Personalty. In this filing the Executors took the position that no tax was due to the State of New Jersey as a result of Decedent’s death (apparently relying on N.J.AC. 18:26-9.5 5.(c), which provides: “Statutory rotes and exemptions will be used in the flat rate computation” and on N.J.S.A 54:34-2 a.(l) and (2)[4] (emphasis added)). On November 1, 1991, the Director, Division of Taxation (the “Director”), assessed a transfer inheritance tax of $40,699.06. This amount was calculated pursuant to the provisions of N.J.S.A 54:34-3 (the “Ratio Tax”) as follows:
First: The Director first calculated the amount of tax which would have been payable under the provisions of N.J.S.A 54:34-2 (the “Flat Tax”) had Decedent died a resident of the State of New Jersey with the entirety of his gross estate located within the State and giving full effect to the transfers provided for in Decedent’s Will. The Flat Tax rates were applied on a “per devisee” basis, after deduction of the exemptions set out in N.J.S.A 54:34-2. The transfers identified by the Director as being subject to tax included those set out in Articles Third through Sixth and Article Eighth of Decedent’s Will. That is, transfers to devisees described in N.J.S.A 54:34-2 c. and d. (i.e. Class “C” and “D” devisees). No tax was calculated with respect to any transfers to or for the benefit of the Surviving Spouse, the Decedent’s Stepson nor any of the Decedent’s other children or stepchildren {i.e. Class “A” devisees and trust beneficiaries. N.J.S.A. 54:34-2 a.).
*7 The total tax with respect to transfers to Class C and D devisees, after allowable exemptions, was $211,950.
Second: The Director then determined the ratio under the Ratio Tax as follows:
Value of real and tangible personal property located within the State $ 6,009,791.75
Entire Estate 31,297,417.00
= .192022.
Third: The Director then applied the ratio to the tax determined under the Flat Tax, for a Ratio Tax of: .192022 x $211,950 = $40,699.06. The Executors paid the Ratio Tax assessment and filed the within action for refund with the Clerk of the Tax Court of New Jersey. The matter is presently before this court on the Executors’ motion and the Director’s cross motion for summary judgment.
ANALYSIS: There being no disputed facts which are material to the court’s decision, summary judgment is appropriate in the within matter, Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67,110 A.2d 24 (1954). For the reasons set out below, the Executor’s motion is granted, and the Director’s cross motion is denied.
The Transfer Inheritance Tax is imposed, with respect to the estates of nonresident decedents, upon: (1) the gratuitous transfer at death (2) of real or tangible personal property, or of any present or future interest(s) therein, (3) which property is located within the State of New Jersey. N.J.S.A. 54:34-1.[5] The *8 rate of tax applicable to the transfers of nonresident decedents is either: (1) the Flat Tax rate with respect to specific devises; or (2) a “differential” rate, with respect to all other transfers subject to -the Transfer Inheritance Tax, as set out in the Ratio Tax. Herschberg v. Director, Div. of Taxation, 2 N.J.Tax 121 (Tax 1981).
In their motion the Executors make two arguments. Primarily, they argue that the testamentary transfer of the New Jersey Realty and Tangible Personalty, set out in Article Fifteenth of the Decedent’s Will is in the nature of a specific devise to Decedent’s Stepson. For this reason, they say that the Ratio Tax does not apply to the transfers of Decedent’s New Jersey Realty and Tangible Personalty.[6] The Executors do not specifically address the interest transferred to the Surviving Spouse under Article Fifteenth of Decedent’s Will.
The Executors second argument says that application of the Ratio Tax results in the taxation of otherwise non-taxable transfers (ie. the transfers of the New Jersey Realty and Tangible *9 Personalty to beneficiaries[7] exempt from the Transfer Inheritance Tax under N.J.S.A., 54:34-2 a.), a result, they obtain is not only beyond the “legitimate authority” of the State, but also violative of equal protection and due process principles under both the United States and New Jersey Constitutions.
The Director argues in his cross-motion that the transfer of Decedent’s New Jersey Realty and Tangible Personalty under Article Fifteenth of his Will is in the nature of a general devise, and therefore subject to the Ratio Tax. The Director places great weight on the location of the language of devise among the provisions of Article Fifteenth governing the disposition of Decedent’s residuary estate. As to the Executors’ second argument, the Director posits that application of the Ratio Tax in the within matter merely results in the application of a “different rate” of tax to Decedent’s transfers of the New Jersey Realty and Tangible Personalty, a result which the Director says is constitutionally permissible. The Director does not disagree that, if we determine the disposition of the New Jersey Realty and Tangible Personalty to be in the nature of a specific devise, then neither the Ratio Tax nor the Flat Tax apply.
The parties agree that Decedent’s intent with respect to the disposition of the New Jersey Realty and Tangible Personalty was as reflected in his Will. That is, they agree that Decedent intended for the Property to: pass to the Article Fifteenth Trust; be held and administered pursuant to the provisions therein set out; and upon the death of the Surviving Spouse, to the extent not disposed of or consumed during the Spouse’s lifetime, be distributed in kind to Decedent’s Stepson. We are not called upon, therefore, to construe intent, which would be a question of fact and preclude us from proceeding on these motions, but merely the character, as between specific and general, of the Article Fifteenth devise, ie., a question of law.
*10 It is plain, from a reading of the entire Article, that the flush, introductory language of Article Fifteenth (i.e. “If my wife survive me, I give, devise and bequeath all the rest, residue and remainder of my property ...”) must be read together with the language of Paragraph (D)(1) (i.e. “or if my wife does not survive me ...”). Burlington County Nat. Bank of Medford v. Braddock, 24 N.J.Super. 462, 94 A.2d 868 (Ch.Div.1953). When so read, Article Fifteenth of Decedent’s Will provides for alternative dispositions of the New Jersey Realty and Tangible Personalty and the balance of the estate, depending upon the order of the Decedent and Surviving Spouse’s deaths. It sets out the following dispositions:

(1) If the Surviving Spouse had predeceased Decedent:

(a) If Decedent had survived his Spouse, the New Jersey Realty and Tangible Personalty would have devolved, under Paragraph (D)(1), outright (free of trust) to the Decedent’s Stepson, or, in the event that he also failed to survive Decedent, to his children, per stirpes. If such had been the order of deaths, no Trust would have been established under Article Fifteenth.
(b) All of the rest, residue, and remainder of Decedent’s property, would have passed, in accordance with the flush language of Article Fifteenth and the provisions of Paragraphs (D)(3) and (4) as follows: (i) the sum of $250,000 outright (free of trust) to Decedent’s daughter (or her children, per stirpes) and (ii) the balance of the residuary estate outright (free of trust) to the Surviving Spouse’s sons, per capita. Because the Decedent predeceased his Spouse, the alternative dispositive provisions applied as follow.

(2) If Decedent predeceased the Surviving Spouse.

(a) The New Jersey Realty and Tangible Personalty passed, together with all property forming a part of Decedent’s residuary estate, to Decedent’s Trustees to be held in Trust (the “Qualified Terminable Interest Property Trust”) in accordance with the provisions set out in Paragraphs (A), (B), (C), and (D) of Article Fifteenth.
*11 (b) Pursuant to Paragraphs (A), (B), (C), and (D) the Surviving Spouse is granted a life estate (ie. an income interest for life; a “present interest”) in all of the property forming a part of the corpus of the Qualified Terminable Interest Property Trust; Decedent’s Stepson, is granted a vested remainder[8] interest in the New Jersey Realty and Tangible Personalty (ie. an interest which must await possession and enjoyment only until the death of the Surviving Spouse; a “future interest”); Decedent’s Daughter is granted a vested remainder interest in the residuary estate in the pecuniary amount of $250,000; and the Surviving Spouse’s sons are granted remainder interests in the entire balance of the residuary estate, contingent upon their surviving their mother.
The Trust established under Article Fifteenth as a result of the Surviving Spouse’s having survived Decedent was structured, Decedent tells us in Paragraph (C), to meet the requirements of § 2056(b)(7) of the Internal Revenue Code of 1986 (ie. a Qualified Terminable Interest Property Trust), thereby yielding a potentially unlimited federal estate tax marital deduction[9] with respect to the full value of all property passing to such Trust, notwithstanding that Decedent transferred only a present (“terminable”) interest in the Trust to the Surviving Spouse (ie. a life estate). It is obvious that the provisions of Article Fifteenth were designed, in the event of the survival of the Decedent’s Spouse, to qualify the bulk of the estate for the federal estate tax marital deduction, while insuring that the New Jersey Realty and Tangible Personalty would pass, upon her death, to Decedent’s Stepson.
There simply is no question that, the New Jersey Realty and Tangible Personalty described in Article Fifteenth (D)(1) of Decedent’s Will could only be distributed to the Qualified Termin *12 able Interest Property Trust where it would then join the assets of the Decedent’s residuary estate, for administration during the Surviving Spouse’s lifetime as a part of the Trust corpus. The confusion as to the character of the transfers of these Properties arises in this case as a result of (1) the Director’s focus on the draftsman’s placement of the devises within the body of the dispositive provisions of the residuary trust, and (2) the Director’s failure to look through the Trust entity to recognize that, as regards the New Jersey Realty and Tangible Personalty, Decedent transferred those Properties subject to the present and future interests in his Surviving Spouse and Stepson, as beneficiaries of the Trust.
As to the first point, it cannot be concluded that Paragraph (D)(1) is anything other than a preresiduary specific devise. Herschberg, supra, 2 N.J.Tax at 127-29; Estate of Raymond P. Lansing v. Director, Div. of Taxation, 6 N.J.Tax 137 (Tax 1983). Decedent dealt with the property described in Paragraph (D)(1) specifically and with particularity. The Affidavits of Decedent’s attorney, accountant, Surviving Spouse and Stepson filed in support of the Executors motion, as the Director agrees, establish that it was Decedent’s intention that his Stepson receive the New Jersey Realty and Tangible Personalty after the death of the Surviving Spouse. While it is true that Article Fifteenth might have been more artfully drafted had the provisions of Paragraph (D)(1) been set out in an Article separate from and preceding Article Fifteenth, it is a fundamental rule of construction that “parts of a will may be transposed in construction if the sense so requires____” Herschberg, supra, 2 N.J.Tax at 127-28.
As to the second point, the creation of present and future interests in the Qualified Terminable Interest Property Trust with the Surviving Spouse receiving a present interest in the entire Trust corpus and the Decedent’s Stepson receiving a future interest in the Paragraph (D)(1) Property is irrelevant to character of these transfers as specific. In Estate of Raymond P. Lansing v. Director, Div. of Taxation, supra, the court restates the purpose of the Ratio Tax:
*13 The ratio tax provided for in the present statute, N.J.S.A. 54:34r-3, is directed at the post-mortem manipulation of a non-resident decedent’s estate accomplished by matching New Jersey property with exempt legatees or devisees and non-New Jersey property with non-exempt legatees or devisees resulting in the avoidance of New Jersey inheritance taxes on the transfer of New Jersey property.
[supra, 6 N.J.Tax at 142]
Clearly, the Executors could not have accomplished the manipulation at which the statute is directed, given the plain language of the Decedent’s Will. They simply had no choice but to distribute (as they did) the New Jersey Realty and Tangible Personalty to the Qualified Terminable Interest Property Trust. Our inquiry as to the character of the devise as specific or general stops once the distribution to the Trustees is identified as being required by the Will.
We hold that the transfers of present and future interests in the New Jersey Realty and Tangible Personalty under Article Fifteenth of Decedent’s Will are specific, and therefore, the Ratio Tax does not apply to them. While these transfers are then subject to taxation under the Flat Tax, it is clear from the exemption provisions contained in N.J.S.A. 54:34-2 a., that the transfers are fully exempt thereunder.
Based upon the above analysis, it is unnecessary for us to reach the Constitutional issues raised by the Executors.
The Executors’ motion is granted and the Director’s cross motion is denied. The Executors are entitled to a full refund of all sums paid. Counsel to the Executors will submit a form of judgment.

 The term "devise(s)” is used herein to refer to testamentary dispositions of both personal and real property, or interests therein.

 There is no evidence in the record to establish the value of the property devised under Article First.

I.R.C. § 2056(b) provides, insofar as pertinent to the within matters:
(b) Limitation in the Case of Life Estate or Other Terminable Interest.—
(1) General Rule. — Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—
(A) If an interest in such property passes or has passed (for less than an adequate and full consideration in money or money’s worth) from the *5 decedent to any person other than such surviving spouse (or the estate of such spouse); and
(B) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse; ...
(7) Election With Respect to Life Estate For Surviving Spouse.—
(A) In General. — In the case of qualified terminable interest property—
(i) for purposes of (the allowance of the marital deduction) ... such property shall be treated as passing to the surviving spouse, and
(ii) for purposes of paragraph 1(A), no part of such property shall be treated as passing to any person other than the surviving spouse.
(B) Qualified Terminable Interest Property Defined.—
(i) In General. — The term "qualified terminable interest property" means property—
(I) which passes from the decedent,
(II) in which the surviving spouse has a qualifying income interest for life, and
(III) to which an election under this paragraph applies.

N.J.S.A. 54:34-2 a. provides:
(1) The transfer of property to a husband or wife of a decedent shall be taxed at the following rates: ... for transfers made on or after January 1, 1985 there shall be no tax imposed under this paragraph ...
(2) The transfer of property to a ... child or children of a decedent ... or the issue of any child ... of a decedent shall be taxed at the following rates: ... For transfers made on or after July 1, 1988, there shall be no tax imposed under this subsection, (emphasis added).

N.J.S.A. 54:34-1 provides as pertinent:
Except as provided in section 54:34-4 of this Title, a tax shall be and is hereby imposed at the rates set forth in section 54:34-2 of this Title upon the transfer of property, real or personal ... or any interest therein or income therefrom, in trust or otherwise, to or for the use of any transferee, distributee or beneficiary in the following cases:
*8 b. Where real or tangible personal property within this State of a decedent not a resident of this State at the time of his death is transferred by will or intestate law. (emphasis added)
The words transfer and property as used in N.J.S.A. 54:34-1 are defined in N.J.S.A. 54:33-1 as meaning:
‘Transfer’ includes the passing of property, or any interest therein, in possession or enjoyment, present or future, by ... devise____
'Estate' or 'property' mean the interest of the testator ... passing ... to the ... devisee, not exempt from the provisions of ... chapters 33 to 36, whether such property be situated within or without this state, (emphasis added)

 The Ratio Tax applies to:
[TJhe transfer of property made subject to tax as aforesaid in this state of a nonresident decedent if all or any part of the estate of such decedent, wherever situate, shall pass to transferees, distributees of beneficiaries, taxable under chapters 33 to 36 of this Title (§ 54:33-1 et seq.) ... Nothing in this section shall apply to a specific bequest or devise of property in this state. N.J.S.A. 54:34-3 (emphasis added)

 I.e. "beneficiaries” referring to the beneficial interests in the Qualified Terminable Interest Property Trust established pursuant to Article Fifteenth of Decedent’s Will.

See Cody v. Fitzgerald, 2 N.J. 93, 65 A.2d 750 (1949); In re the Estate of Reuben H. Benner, Deceased, 152 N.J.Super. 435, 378 A.2d 34 (App.Div. 1977). See also Gray, Rule Against Perpetuities § 108 (4th ed. 1942).

 The quantum of the deduction for federal purposes being restricted only by the election of the Executors. § 2056(b)(7) of the Internal Revenue Code of 1986 and the Regulations thereunder.